NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 220102-U

NO. 4-22-0102

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 1, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Whiteside County |
| JAMES M. MORENO, | ) | No. 09CF134 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Stanley B. Steines, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed the second-stage dismissal of defendant's
postconviction petition because (1) defendant failed to rebut the presumption that
his postconviction counsel provided reasonable assistance and (2) there was no
merit to defendant's contention that he made a substantial showing of ineffective
assistance of counsel in the original *pro se* postconviction petition.

¶ 2     Defendant, James M. Moreno, appeals the second-stage dismissal of his

postconviction petition. We affirm.

¶ 3                              I. BACKGROUND

¶ 4     On March 25, 2009, the State charged defendant in an information with two

counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2008)) in Whiteside

County case number 09-CF-134. Both counts alleged that defendant "knowingly committed an

act of sexual penetration with A.R., who was at least 13 years of age but under 17 years of age,

in that said defendant placed his penis in the vagina of A.R. and defendant was at least five years

older than A.R." In Whiteside County case numbers 08-CF-500 and 09-CF-181, defendant faced two additional counts of aggravated criminal sexual abuse involving victims other than A.R. Based on his criminal history, defendant was subject to sentencing as a Class X offender on these charges. Between the four pending counts, defendant faced up to 120 years in prison.

¶ 5        On April 30, 2009, the court accepted defendant's fully negotiated guilty plea. Pursuant to the agreement, defendant pleaded guilty to both counts in case number 09-CF-134 and received two concurrent 25-year sentences. The State dismissed the charges in case numbers 08-CF-500 and 09-CF-181. The State also agreed not to pursue civil commitment against defendant based solely on any facts already known to the prosecution.

¶ 6        Providing a factual basis for the two charges to which defendant pleaded guilty, the prosecutor informed the court that A.R. would testify to the following. A.R. met defendant through a mutual friend in the summer of 2007. Thereafter, A.R. and defendant spoke on the phone frequently. Defendant would drive to A.R.'s home "in the middle of the night," and A.R. "would sneak out of her home." In December 2007, defendant picked up A.R. and drove her to a friend's house. Defendant then provided A.R. with alcohol, and they began to kiss. A.R. told defendant she did not want to have sex. However, they continued to talk and kiss, and defendant removed A.R.'s pants. The prosecutor further informed the court they had "sexual intercourse." Two weeks later, defendant picked A.R. up from a friend's house and drove her to his apartment, where defendant and A.R. again had "sexual intercourse." A.R. was 15, and defendant was 26.

¶ 7        On May 11, 2009, defendant wrote a letter to the court expressing dissatisfaction with his plea agreement and with his counsel, Assistant Public Defender Elwin Neal. On May 14, 2009, Public Defender William McNeal filed a *pro forma* motion to withdraw the plea on defendant's behalf. In this motion, defendant alleged his plea was not knowing and voluntary and

that he "did not fully understand the consequences of his guilty plea." Neal subsequently presented this motion to the court and questioned defendant under oath about the nature of his claims. Recognizing the conflict between defendant and Neal, the court directed the public defender's office to assign another attorney to represent defendant on his motion to withdraw the plea. The case was assigned to Colleen Buckwalter.

¶ 8 Buckwalter did not amend the motion filed by McNeal. In April 2010, the court denied defendant's motion to withdraw the plea after holding an evidentiary hearing. In December 2011, the Third District of the Illinois Appellate Court reversed this order and remanded the cause due to Buckwalter's failure to comply strictly with the certificate requirement of Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). *People v. Moreno*, 2011 IL App (3d) 100374-U.

¶ 9 On remand, Buckwalter filed a new Rule 604(d) certificate. Once again, Buckwalter did not amend the motion to withdraw the plea that McNeal had filed in 2009. In May 2012, the court held a second evidentiary hearing on the motion to withdraw. Both Neal and defendant testified. Relevant to the present appeal, Buckwalter asked Neal whether he explained to defendant that defendant "could plead no contest or submit an affirmative defense." Neal did not "recall that." Later, Buckwalter asked defendant whether he had "an affirmative defense." Over the prosecutor's objection, the court allowed defendant to answer this question, reasoning that the question concerned "whether the plea was voluntary." Defendant responded: "I did have a viable defense, affirmative defense. I didn't realize, was never told that I had that opportunity nor that I could plead no contest. I would have never took [*sic*] that 25 year plea had I known the things I know now."

¶ 10 The court denied defendant's motion to withdraw his plea. The court explained: "There is no question in my mind that this was a voluntary plea. There is no question in my mind that this was a knowing plea." In December 2013, the Third District affirmed the order denying defendant's motion to withdraw the plea. *People v. Moreno*, 2013 IL App (3d) 120474-U.

¶ 11 In October 2014, defendant filed a *pro se* postconviction petition. Among defendant's claims were that (1) Buckwalter was ineffective for refusing to amend the motion to withdraw to include allegations of ineffective assistance against Neal and (2) defendant's appellate counsel was ineffective for failing to raise that issue in the 2013 appeal. Defendant asserted in his petition that Neal failed to inform him that it would be an affirmative defense to the charges of aggravated criminal sexual abuse in case number 09-CF-134 if defendant reasonably believed the victim was at least 17 years old. See 720 ILCS 5/12-17(b) (West 2008) ("It shall be a defense under *** subsection (d) of Section 12-16 of this Code that the accused reasonably believed the person to be 17 years of age or over."). Defendant alleged he "would've had grounds to argue such a defense and go to trial on it."

¶ 12 In January 2015, the court summarily dismissed defendant's postconviction petition. In November 2016, the Third District reversed that order and remanded the matter for second stage postconviction proceedings, as the trial court had not summarily dismissed the petition within 90 days of filing. *People v. Moreno*, No. 3-15-0095 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 13 Attorney Daniel Huffman initially represented defendant on remand. In January 2017, Huffman filed an amended postconviction petition on defendant's behalf. The attorney-client relationship between Huffman and defendant deteriorated. In July 2017, the court appointed Janet Buttron to represent defendant. In March 2021, Buttron filed a second amended

postconviction petition on defendant's behalf. In July 2021, Buttron filed a third amended postconviction petition on defendant's behalf, alleging that Neal was ineffective in nine ways. The only claim relevant to this appeal is that Neal allegedly was ineffective for failing to advise defendant that "he has a legal right to an Affirmative Defense pursuant to 720 ILCS 5/12.16(d) [*sic*]." There was no further elaboration on this claim. The only relevant accompanying factual support was defendant's assertion in an affidavit that he was "never advised of [his] right to an Alford plea, provided information regarding affirmative defenses, or had [his] options of taking this to trial discussed with [him]."

¶ 14        Buttron filed a certificate erroneously citing to Illinois Supreme Court Rule 604(d) but satisfying the requirements of Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). Specifically, Buttron certified that she (1) "consulted with the Defendant in person, by mail, and by phone on numerous occasions, to ascertain the defendant's contention of error in the entry of the plea of guilty and in the sentence"; (2) "examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing and *** discussed the above with the defendant"; (3) "made inquiries with former counsel regarding evidence, the plea negotiations, and mitigating evidence"; and (4) "made amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 15        The State moved to dismiss defendant's third amended postconviction petition. The State argued that (1) Neal's decision regarding an affirmative defense was trial strategy, (2) by pleading guilty, defendant waived his right to assert an affirmative defense, and (3) defendant failed to support his claim with "affidavits, records, or other evidence."

¶ 16        Following a lengthy hearing with argument from counsel, the court granted the State's motion to dismiss defendant's third amended postconviction petition. The court disagreed

with the State that defendant waived his right to effective assistance by pleading guilty. However, the court determined that to the extent the victim's age is an affirmative defense, that was "something that can be easily shown by affidavit or otherwise." The court added: "So I don't find that that is supported by the record either." In its ruling, the court did not specifically comment on the State's argument regarding trial strategy. However, at the end of the ruling, the court generally adopted the reasoning in the State's motion to dismiss, except for points on which the court had already expressed its disagreement.

¶ 17        Defendant timely appealed.

¶ 18                              II. ANALYSIS

¶ 19        Defendant first argues that Buttron violated Rule 651(c) by (1) failing to shape into the proper legal format defendant's claim that Neal was "ineffective for failing to advise him regarding an affirmative defense" and (2) failing to "include the necessary evidentiary support" for that claim. Specifically, defendant criticizes Buttron for failing to allege and substantiate that defendant reasonably believed A.R. was at least 17 years old and that defendant would not have pleaded guilty had he been properly advised of this affirmative defense. Defendant asks us to reverse the order dismissing the third amended postconviction petition and to remand for further second-stage proceedings with new counsel.

¶ 20        The State responds that defendant's claim is barred either by forfeiture, waiver, or *res judicata*. The State reasons that defendant's claim regarding the affirmative defense "hinges on whether [his] plea was knowingly made," an issue that was litigated in 2012 in connection with defendant's motion to withdraw the plea. Moreover, the State argues that Buttron provided reasonable assistance. On this point, the State emphasizes that both the parties and the trial court addressed the merits of defendant's postconviction claim regarding the affirmative defense.

¶ 21 As his second argument, defendant maintains he made a substantial showing of a constitutional violation in his original *pro se* postconviction petition. As his relief for this alleged violation, defendant asks us to "reverse and remand for further proceedings" or to "reverse and remand with directions to allow [him] to withdraw his guilty plea."

¶ 22 The State asserts that defendant's second argument is barred either by forfeiture or *res judicata*. The State further contends that defendant failed to make a substantial showing of a constitutional violation.

¶ 23 The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) "provides a tool for criminal defendants to assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. House*, 2021 IL 125124, ¶ 15. There are three stages of postconviction proceedings. At the first stage, the court reviews the petition independently to "determine whether it is 'frivolous or [ ] patently without merit.' " *House*, 2021 IL 125124, ¶ 16 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2008)). If the court does not summarily dismiss the petition within 90 days of filing, the matter proceeds to the second stage. *House*, 2021 IL 125124, ¶ 16; 725 ILCS 5/122-2.1(a)-(b) (West 2020). At the second stage of the proceedings, the court may appoint counsel for the petitioner, and the State may file a responsive pleading. *House*, 2021 IL 125124, ¶ 17. If the defendant does not make a substantial showing of a constitutional violation, the court dismisses the petition at the second stage. *House*, 2021 IL 125124, ¶ 17. However, if the defendant makes a substantial showing of a constitutional violation, the matter proceeds to a third-stage evidentiary hearing on the defendant's claims. *House*, 2021 IL 125124, ¶ 17.

¶ 24 A. Reasonable Assistance of Postconviction Counsel

¶ 25 Defendant does not argue that he made a substantial showing of a constitutional violation in his third amended postconviction petition. However, he proposes that he received unreasonable assistance of postconviction counsel.

¶ 26 Postconviction petitioners are entitled to " 'reasonable' " assistance of counsel at the second stage of proceedings. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18 (quoting *People v. Perkins*, 229 Ill. 2d 34, 42 (2007)). Reasonable assistance is " 'significantly lower than the [standard] mandated at trial by our state and federal constitutions.' " *People v. Smith*, 2022 IL 126940, ¶ 35 (quoting *People v. Custer*, 2019 IL 123339, ¶ 30). To ensure that petitioners receive reasonable assistance, Rule 651(c) imposes three duties on counsel: (1) the duty to consult with the petitioner, (2) the duty to examine the record, and (3) the duty to "make any amendments to the *pro se* petition necessary for an adequate presentation of the petitioner's contentions." *Perkins*, 229 Ill. 2d at 42. "Substantial compliance with Rule 651(c) is sufficient." *Profit*, 2012 IL App (1st) 101307, ¶ 18.

¶ 27 "Fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Counsel also has "no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition." *People v. Johnson*, 154 Ill. 2d 227, 247 (1993). Nevertheless, Rule 651(c) contemplates counsel "shap[ing] the petitioner's claims into proper legal form and present[ing] those claims to the court." *Perkins*, 229 Ill. 2d at 44. This includes making "routine amendment[s]" to the *pro se* petition as necessary to overcome procedural bars. *People v. Turner*, 187 Ill. 2d 406, 414 (1999).

¶ 28 Where postconviction counsel files a Rule 651(c) certificate, a rebuttable presumption arises that the defendant received reasonable postconviction assistance. *People v.*

*Dixon*, 2018 IL App (3d) 150630, ¶ 14. "It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Profit*, 2012 IL App (1st) 101307, ¶ 19. If the petitioner meets this burden, the reviewing court will not consider the merits of the defendant's postconviction claims, but instead must remand for further second-stage proceedings "with the benefit of reasonable assistance of counsel." *Turner*, 187 Ill. 2d at 417.

¶ 29    We review *de novo* whether postconviction counsel complied with Rule 651(c). *Profit*, 2012 IL App (1st) 101307, ¶ 17. In evaluating the reasonableness of postconviction counsel's conduct, we may consider "the totality of [the] circumstances." *Turner*, 187 Ill. 2d at 414.

¶ 30    Here, Buttron filed a certificate in accordance with Rule 651(c), so we presume she complied with her duties. Defendant does not dispute that Buttron fulfilled her first two duties under Rule 651(c) by consulting with him and examining the record. Defendant contends only that Buttron failed to fulfill her third duty, insofar as he complains that she did not shape one of his *pro se* claims into an appropriate format. According to defendant, Buttron failed to properly plead and support his claim that Neal was ineffective for failing to advise him of an affirmative defense. Specifically, defendant criticizes Buttron for failing to allege and substantiate that defendant reasonably believed A.R. was at least 17 years old and that defendant would not have pleaded guilty had he been properly advised of this affirmative defense.

¶ 31    "A challenge to a guilty plea alleging ineffective assistance of counsel is subject to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *People v. Hall*, 217 Ill. 2d 324, 334-35 (2005). "Under *Strickland*, a defendant must establish that counsel's performance fell below an objective standard of reasonableness and the defendant was

- 9 -

prejudiced by counsel's substandard performance." *Hall*, 217 Ill. 2d at 335. "An attorney's conduct is deficient if the attorney failed to ensure that the defendant's guilty plea was entered voluntarily and intelligently." *Hall*, 217 Ill. 2d at 335. With respect to prejudice:

> "[T]he defendant must show there is a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial. [Citation.] A bare allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient is not enough to establish prejudice. [Citation.] Rather, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial. *** [T]he question of whether counsel's deficient representation caused the defendant to plead guilty depends in large part on predicting whether the defendant likely would have been successful at trial." *Hall*, 217 Ill. 2d at 335-36.

¶ 32    Defendant is correct that the third amended postconviction petition filed by Buttron did not allege all of the elements of, or provide evidentiary support for, defendant's claim that Neal was ineffective for failing to "Advise Defendant that he has a legal right to an Affirmative Defense pursuant to 720 ILCS 5/12.16(d) [*sic*]." Specifically, the petition did not allege that defendant would not have pleaded guilty had he been aware of an affirmative defense. Nor did the petition explain why an affirmative defense would have been meritorious. Thus, the petition failed to allege prejudice from Neal's failure to advise defendant of the affirmative defense.

¶ 33    The question then becomes whether this defect rebuts the presumption that Buttron substantially complied with her duties under Rule 651(c). For the following reasons, we

hold that defendant has not overcome the presumption that Buttron substantially complied with her duties.

¶ 34       Buttron filed a Rule 651(c) certificate, and she amended defendant's *pro se* postconviction petition to allege nine claims. Defendant criticizes Buttron's performance with respect to only one of those claims. These facts distinguish the matter from *Turner*, for example, where (1) no presumption of reasonable assistance applied, (2) the petitioner's attorney stood on a blatantly defective *pro se* pleading, and (3) counsel's failure to amend the postconviction petition caused the trial court to dismiss the petition on procedural grounds rather than consider the merits of any claims. *Turner*, 187 Ill. 2d at 409, 414-15. Unlike in *Turner*, Buttron's representation of defendant was not "so deficient that it amounts to virtually no representation at all." *Turner*, 187 Ill. 2d at 416.

¶ 35       Moreover, even if the third amended postconviction petition had alleged that defendant reasonably believed A.R. was at least 17 years old and that defendant would not have pleaded guilty had he been advised of this affirmative defense, the claim would be barred by *res judicata*. In May 2012, Buckwalter represented defendant at an evidentiary hearing on defendant's motion to withdraw his guilty plea. During that hearing, Buckwalter elicited testimony from Neal that he did not recall advising defendant of an affirmative defense. During the same hearing, Buckwalter also elicited testimony from defendant that he had a "viable" affirmative defense and that he would not have pleaded guilty had he "known the things I know now." Despite this testimony at the evidentiary hearing, the trial court determined that defendant pleaded guilty knowingly and voluntarily. In 2013, the Third District held that "the trial court did not abuse its discretion by denying defendant's motion to withdraw [the] guilty plea." *Moreno*, 2013 IL App (3d) 120474-U, ¶ 32.

¶ 36     Defendant is now attempting to challenge his plea a second time based on facts that were adduced at the 2012 hearing. A claim of ineffective assistance of plea counsel for failure to advise of an available defense is a claim that the defendant did not plead guilty knowingly and voluntarily. See *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970))); *Hall*,  217 Ill. 2d at 335 ("An attorney's conduct is deficient if the attorney failed to ensure that the defendant's guilty plea was entered voluntarily and intelligently."). Defendant's claim is *res judicata*. See *People v. Blair*, 215 Ill. 2d 427, 443 (2005) ("In an initial postconviction proceeding, the common law doctrines of *res judicata* and waiver operate to bar the raising of claims that were or could have been adjudicated on direct appeal.").

¶ 37     In his reply brief, defendant asserts: "If Neal's ineffectiveness could have been raised on direct appeal and was not, then Buttron failed to meet the necessary pleading requirements by failing to allege that counsel in [defendant's] direct appeal was ineffective—a routine defense to the procedural bar of forfeiture." Contrary to what defendant suggests, Buttron could not have avoided the application of *res judicata* by alleging ineffective assistance of appellate counsel. Years ago, defendant identified his lack of awareness of an available affirmative defense as part of his broader claim that his plea was not knowing and voluntary. The courts rejected that claim. Alleging ineffective assistance of appellate counsel would not allow defendant to relitigate the same issue.

¶ 38 Finally, defendant criticizes Buttron for failing to allege and substantiate that defendant reasonably believed A.R. was at least 17 years old. Notably, defendant does not identify in his brief any defense to the charges involving victims other than A.R. Defendant faced up to 120 years in prison on four pending charges involving three victims. Defendant also faced potential civil commitment as a sexually dangerous or sexually violent person. By pleading guilty to the charges involving A.R. and agreeing to serve 25 years in prison, defendant avoided both civil commitment and prosecution for other alleged crimes. Unless Buttron could have ethically alleged that defendant had valid defenses to all charges (a claim defendant does not make), Buttron could have pleaded no more than a conclusory allegation that it would have been in defendant's interest to reject the plea agreement. A "bare allegation" that a defendant would have rejected a plea agreement had he received effective assistance of counsel does not warrant a third stage postconviction hearing. *Hall*, 217 Ill. 2d at 335; see also *People v. Hatter*, 2021 IL 125981, ¶ 32 (affirming the summary dismissal of a postconviction petition where the defendant alleged a defense only to some of the charged offenses, as the defendant failed to show that he "arguably would have been better off rejecting the plea offer and insisting on a trial").

¶ 39 For these reasons, we hold that defendant failed to rebut the presumption that Buttron complied with her duties under Rule 651(c).

¶ 40 B. Substantial Showing of Ineffective Assistance of Plea Counsel

¶ 41 Defendant also argues that he made a substantial showing of ineffective assistance of plea counsel in his October 2014 *pro se* postconviction petition.

¶ 42 Defendant's argument fails. The *pro se* petition was amended three times. The third amendment was complete and did not incorporate the original *pro se* pleading. Thus, the *pro se* petition is not properly before us. See *People v. Pinkonsly*, 207 Ill. 2d 555, 566-67 (2003)

(explaining that an amended pleading that is complete and does not refer to or adopt a prior pleading has the effect of abandoning and withdrawing the original pleading); *People v. Snow*, 2012 IL App (4th) 110415, ¶ 55 (determining that an issue raised in a *pro se* postconviction petition but not included in an amended petition was "not before" the appellate court).

¶ 43     Even were we to consider the *pro se* petition, defendant failed to explain in that petition why he reasonably believed A.R. was at least 17 years old. Defendant also failed to explain why any valid affirmative defense to two of the four charges he faced would have caused him to reject the plea offer and risk a longer term of imprisonment or indefinite civil commitment in connection with the other charges. In his reply brief, defendant asserts: "Given that [defendant] is the only person who can say whether or not he would have accepted the plea if he had this information, no documentation other than his statement is needed." That is not the law. See *Hall*, 217 Ill. 2d at 335 ("A bare allegation that the defendant would have pleaded not guilty and insisted on a trial if counsel had not been deficient is not enough to establish prejudice.").

¶ 44                              III. CONCLUSION

¶ 45     For the reasons stated, we affirm the trial court's judgment.

¶ 46     Affirmed.