2023 IL App (1st) 1211623
No. 1-21-1623

FIRST DIVISION
August 7, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15 CR 16457 |
| | ) | |
| JALEEL COURNEY, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Carl Boyd, |
| | ) | Judge Presiding. |

JUSTICE Pucinski delivered the judgment of the court.
Justice Lavin specially concurred.
Justice Coghlan specially concurred.

**ORDER**

¶ 1    *Held:* The trial court's second-stage dismissal of defendant's petition for postconviction relief is affirmed where postconviction counsel rendered a reasonable level of assistance in compliance with Supreme Court Rule 651(c).

¶ 2    On appeal from the second-stage dismissal of his petition for postconviction relief, Jaleel Courney, the defendant, argues that we should remand for further second-stage proceedings because postconviction counsel failed to provide a reasonable level of assistance pursuant to Illinois Supreme Court Rule 651(c) (eff. April 26, 2012) by failing to make the amendments

necessary to adequately present defendant's claims of constitutional error. For the reasons that follow, we disagree and affirm the second stage dismissal of his postconviction petition.

¶ 3                                                    BACKGROUND

¶ 4        Defendant was charged with two counts of aggravated vehicular hijacking (720 ILCS 5/18-4(a)(3 and 4)), one count of armed robbery (720 ILCS 5/18-2(a)(2)), one count of aggravated robbery (720 ILCS 5/18-1(a)(1)), one count of possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1)), and one count of aggravated fleeing or attempt to elude a peach officer (625 ILCS 5/11-204.1(a)(1)). On June 28, 2017, defendant was sentenced to ten years' imprisonment for armed robbery (720 ILCS 5/18-2(a)(1) (West 2000), as part of a negotiated plea agreement in which the State agreed to amend language in the indictment from "with a firearm to a dangerous weapon other than a firearm" and to *nolle prosecui* the remaining counts of the indictment. Pursuant to the negotiated plea agreement, defendant would serve 50% of his sentence and receive 656 days of sentencing credit. Violation of subsection (a)(1) of the armed robbery statute is a Class X offense with a sentencing range of six to 30 years' imprisonment. 720 ILCS 5/18-2 (West 2000); 730 ILCS 5/5-4.5-25(a) (eff. January 1, 2020).

¶ 5        During the plea hearing, the trial court admonished defendant that he had the right to plead not guilty and to have a trial before a judge or a jury. After defendant acknowledged his signature on the jury waiver form, defendant also acknowledged that his understood that he had the right to a jury trial, he was "waiving [his] right to see and hear witness, you waive your right to call witnesses, and you also are waiving your right to remain silent and require the State to prove you guilty beyond a reasonable doubt." The trial court informed defendant that his guilty plea "could have an impact on his ability to obtain housing in the public or private sector, obtain employment, and obtain a work license or…occupational license." Defendant acknowledged that he was

pleading guilty of his own free will. The State then provided a factual basis for defendant's plea, and defense counsel stipulated to that testimony. Defendant also acknowledged his signature on the waiver of his pre-sentence investigation report.

¶ 6    Upon entering judgment, the trial court stated:

> "You do have a right to appeal. If you wish to appeal, within 30 days you need to file a motion to withdraw this guilty plea. If I grant the motion this matter and any other count that was dismissed could be fully reinstated and set for trial.
>
> If I denied your motion then you have 30 days from the date of that denial to file a written Notice of Appeal. Any issue that you fail to raise in the initial appeal will be waived for appeal purposes, and if you are indigent a copy of today's transcript will be given to you free of charge."

¶ 7    Defendant acknowledged understanding his right to appeal. Defendant did not file a motion to withdraw his negotiated guilty plea under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) within the 30-day time limitation.

¶ 8    Prior to filing a *pro se* postconviction petition in this case, defendant mailed various correspondence to the Clerk of the Circuit Court. In November and December of 2017, he mailed two letters to the Clerk of the Circuit Court requesting a copy of his guilty plea transcript and his docket sheet. On January 19, 2018, he sent another letter to the Clerk of the Circuit Court in which he requested to withdraw his guilty plea. Subsequently, on April 30, 2018, defendant mailed a petition to withdraw his guilty plea. The circuit court found that, because defendant's request was made more than 30 days after his guilty plea, it did not have jurisdiction to consider this request.

¶ 9        On April 15, 2020, petitioner filed a *pro se* postconviction petition, alleging that he was denied his constitutional right to effective assistance of trial counsel for failing to file a motion to withdraw his guilty plea. He alleged:

> "On approximately July 30, 2017, I wrote my defense counsel a letter requesting that he file a motion to withdraw my guilty plea. In the body of the letter, I complained about the length of the sentence that I received, telling my attorney that it was too much. That I also told my attorney that I did want a presentence investigation because it could help in being able to obtain a lesser sentence. I told my attorney as well that the factual basis information was incorrect and based upon my criminal record, I thought it would be a meritorious ground for withdrawing my plea."

¶ 10        He further averred that, after realizing that his attorney had not filed a motion to withdraw his guilty plea, he filed a *pro se* motion to withdraw his guilty plea on January 31, 2018, which the circuit court subsequently denied.

¶ 11        In September of 2020, defendant filed a *pro se* motion to docket his postconviction petition. He argued that the circuit court had failed to examine his postconviction petition within the statutorily-required 90 day review period. Then, on November 23, 2020, defendant filed another *pro se* petition in which he reasserted his earlier claim that his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea and that the circuit court had not yet addressed his petition.

¶ 12        On February 21, 2021, the circuit court docketed defendant's *pro se* postconviction petition and appointed the public defender to represent defendant. After the case was continued, postconviction counsel filed an appearance and informed the circuit court that he needed to review

a copy of the transcript for this case. On October 8, 2021, postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c), in which counsel averred, in part, that: "I have not made any amendments to the petitions filed pro se. None are necessary for an adequate presentation of petitioner's contentions."

¶ 13    On November 12, 2021, the State filed a motion to dismiss the petition. At the hearing on defendant's *pro se* petition, the State argued that while defendant averred that he wanted to file a motion to withdraw his guilty plea, but the date that he indicated that he sent the letter to his trial counsel was beyond the 30-day deadline for filing such a motion. Consequently, the circuit court would not have had any jurisdiction to hear a motion to withdraw his guilty plea. Postconviction counsel stated, "I have reviewed the trial transcript - - the plea transcript as well as the statute and the time line. Therefore, we'd just be resting on the motion."

¶ 14    The circuit court granted the State's motion to dismiss. The circuit court stated that it reviewed the transcript from the plea hearing to determine if defendant's trial counsel was ineffective and found that defendant "clearly and voluntarily entered the plea according to the record[,]" and that defendant was aware that he had 30 days to withdraw his plea of guilty. The court considered that defendant, in his *pro se* petition, acknowledged that he wrote a letter to his trial counsel asking counsel to file a motion to withdraw his guilty plea, but did so two days beyond the 30-day deadline to withdraw his guilty plea.

¶ 15                                   ANALYSIS

¶ 16    On appeal, defendant argues that his postconviction counsel failed to render reasonable assistance at the second stage of postconviction proceedings pursuant to Illinois Supreme Court Rule 651(c). Defendant contends that postconviction counsel's assistance was unreasonable because the record rebuts the presumption of compliance with Rule 651(c) when counsel failed to

amend defendant's *pro se* postconviction petition to include a claim that trial counsel was ineffective for failing to perfect defendant's appellate rights by filing a late notice of appeal. Defendant acknowledges that his request to his trial counsel to file a motion to withdraw his guilty plea was untimely, but he now alleges, for the first time, that his trial counsel could have remedied this failure by filing a late notice of appeal and attacking the sufficiency of the admonishments provided to defendant pursuant to Illinois Supreme Court Rule 605(c). Ill.S.Ct.R. 605(c) (eff. Oct. 1, 2001).

¶ 17 In turn, the State contends that postconviction counsel established compliance by filing a Rule 651(c) certificate and defendant did not rebut the presumption of compliance. Postconviction counsel did not have any duty to amend the petition to include a claim of ineffective assistance of trial counsel for failing to file a late notice of appeal and attacking the sufficiency of the Rule 605(c) admonishments where this amounted to a "new" claim. Alternatively, the State contends that, even if this did not amount to a "new" claim, the underlying claim of ineffective assistance of trial counsel amounted to a meritless claim so postconviction counsel did not have any duty to amend defendant's petition to include a meritless claim.

¶ 18 The Illinois Post-Conviction Hearing Act (Act) provides a three-stage process for a criminal defendant to allege that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2018). In this case, the circuit court dismissed defendant's petition at the second stage. At the second stage, counsel may be appointed to an indigent defendant (725 ILCS 5/122-4 (West 2018)), and the State, as the respondent, enters the litigation. (725 ILCS 5/122-5 (West 2018). The circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Cotto*, 2016 IL 119006, ¶ 28. At this stage, all well-pleaded facts that are not positively rebutted by the trial record

are to be taken as true. *People v. Pendleton*, 223 Ill.2d 458, 473 (2006). The court reviews the petition's factual sufficiency as well as its legal sufficiency considering the trial court record and applicable law. *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 22 (citing *People v. Alberts*, 383 Ill.App.3d 374, 377 (4th Dist. 2008)). If the defendant makes such a showing, then he is entitled to a third-stage evidentiary hearing. 725 ILCS 5/122-6 (West 2014). We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill.2d at 473.

¶ 19    At the second stage, postconviction counsel may amend the petition, and the State may move to dismiss it. *Cotto*, 2016 IL 119006, ¶ 27 (citing 725 ILCS 5/122-4 (West 2010). The Act provides for a "reasonable" level of assistance from counsel. *Pendleton*, 223 Ill.2d at 472. "This is because the right to counsel in postconviction proceeds is statutorily rather than constitutionally derived." *People v Smith*, 2022 IL 126940, ¶ 13 (citing *People v. Turner*, 187 Ill.2d 406, 410 (1999)). Reasonable assistance is less than the constitutionally required effective assistance of counsel. *Cotto*, 2016 IL 119006, ¶ 45. To assure reasonable assistance, Rule 651(c) imposes specific duties on postconviction counsel. *Turner*, 187 Ill.2d at 410. The rule's primary purpose is to ensure that counsel shapes the defendant's claims, contained in the *pro se petition*, into proper legal form and presents them to the court. *People v. Kuehner*, 2015 IL 117695, ¶ 20. Pursuant to Rule 651(c), when counsel is appointed to represent defendant at the second stage, postconviction counsel must (1) consult with the defendant to ascertain his contentions of deprivation of constitutional rights, (2) examine the record of the proceedings and the trial, and (3) make any amendments to the *pro se* petition that are necessary to adequately present the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 20    Thus, the filing of a Rule 651(c) certificate creates a rebuttable presumption that postconviction counsel provided the defendant with reasonable assistance. *People v. Custer*, 2019 IL 123339, ¶

32. Additionally, the certificate is counsel's official representation to the court that he has fulfilled the duties listed therein. *People v. Perkins*, 229 Ill.2d 34, 50 (2007). If postconviction counsel files a certificate, "[i]t is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19.

¶ 21        Here, counsel filed a Rule 651(c) certificate, which outlined his efforts to investigate defendant's claims and stated his conclusion that the petition adequately set them forth. This filing led to a rebuttable presumption that counsel provided reasonable assistance, including the presumption that he took all reasonable efforts to investigate defendant's claims. *Custer*, 2019 IL 123339, ¶ 32. This placed the burden on defendant to rebut the presumption of reasonable assistance. *People v. Landa*, 2020 IL App (1st) 170851, ¶ 46. We review compliance with Rule 651(c) *de novo*. *Profit*, 2012 IL App (1st) 101307, ¶ 17.

¶ 22        Defendant does not dispute that counsel met the first two requirements of Rule 651(c) but contends that the record rebuts the certificate's statement that postconviction counsel made the amendments necessary to adequately present defendant's claims of constitutional error. On this record, however, we find that defendant has failed to rebut the presumption that his postconviction counsel provided reasonable assistance.

¶ 23        Postconviction counsel need not file an amended petition in every case but must make amendments that "are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Our supreme court has further clarified what constitutes reasonable assistance for purposes of presenting a defendant's claim. "Fulfillment of the third obligation does not require counsel to advance frivolous or spurious claims on defendant's behalf." *People v. Pendleton*, 223 Ill.2d 458, 472 (2006). Moreover, while postconviction counsel "may

raise additional issues if he or she chooses, there is no obligation to do so." *Pendleton*, 223 Ill.2d at 476. "Those requirements do not include bolstering every claim presented in a petitioner's *pro se* postconviction petition, regardless of its legal merit, or presenting each and every witness or shred of evidence the petitioner believes could potentially support his position." *People v. Custer*, 2019 IL 123339, ¶ 38. Also, defendant "is not entitled to the advocacy of counsel for purposes of exploration, investigation, and formulation of potential claims." *People v. Davis*, 156 Ill.2d 149, 163 (1993). Accordingly, postconviction counsel only has a duty to adequately present the claims raised by the defendant in his or her *pro se* postconviction petition.

¶ 24    However, in *People v. Turner*, 187 Ill.2d 406, 414-25 (1999), our supreme court found that postconviction counsel did not provide reasonable assistance when counsel failed to amend the petition to allege ineffective assistance of appellate counsel in order to overcome the forfeiture rule for the issue raised by defendant in his *pro se* postconviction petition. Our supreme court thus found that counsel's failure to make a "routine amendment to the post conviction petition" by failing "to shape the defendant's claim into the appropriate legal form" resulted in "prevent[ing] the circuit court from considering the merits of petitioner's claims and directly contribut[ing] to the dismissal of the petition without an evidentiary hearing." *Turner*, 187 Ill.2d at 413, 417. Thus, the focus in *Turner* was on the necessity of amending the defendant's claim where it prevented the trial court from considering the merits of defendant's claim.

¶ 25    Here, defendant's argument involves the issue of filing a motion to withdraw his guilty plea. To understand defendant's argument, we include a review of the steps involved for a defendant to file such a motion. Before a defendant may appeal from a judgment on a plea of guilty, he must file a written motion in the circuit court within 30 days of the date on which sentence was imposed.

*People v. Flowers*, 208 Ill.2d 291, 300 (2003). Illinois Supreme Court Rule 604(d) prescribes the type of motion that a defendant must file and provides as follows:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 26    The filing of a Rule 604(d) is a condition precedent to an appeal from a judgment on a plea of guilty. *People v. Wilk*, 124 Ill.2d 93, 105 (1988). As a general rule, the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the merits of an appeal. *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 14. Where a defendant has failed to file such a motion, the court will dismiss the appeal, leaving the Post-Conviction Hearing Act as the defendant's only recourse. *People v. Flowers*, 208 Ill.2d 291, 301 (2003).

¶ 27    However, an exception exists if the defendant did not know that filing such a motion was necessary. *Id.* at 301. Illinois Supreme Court Rule 605(c) requires the circuit court, following the entry of a negotiated plea, as in this case, to admonish a defendant, in relevant part, as follows:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the tie of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived. Ill.S.Ct.R. 605(c) (eff. Oct. 1, 2001).

¶ 28    Here, the parties do not dispute that defendant entered into a fully negotiated plea of guilty, which the trial court ultimately imposed. Thus, in order to appeal, defendant had to file within 30 days a motion to withdraw his plea. Ill.S.Ct.R. 604(d) (eff. July 1, 2017).

¶ 29    In defendant's *pro se* postconviction petition, acknowledging that his request for counsel to file a motion to withdraw his guilty plea was not made within the time limitations, he solely alleged that his trial counsel was ineffective for failing to file a motion to withdraw his guilty plea. He argued that "the fact that the defendant filed an untimely, pro se, motion to withdraw his guilty plea, does not invalidate his claim that defense counsel rendered ineffective assistance by disregarding his request to file a motion to withdraw his guilty plea." Thus, he sought for the circuit court to excuse the untimeliness of his request to counsel to file a motion to withdraw his guilty plea on the basis that his counsel ignored his request. He also provided three different bases for withdrawing his guilty plea, including: (1) his sentence was excessive; (2) he wanted a pre-sentence investigation report in order to obtain a lesser sentence; and (3) the factual basis for the plea was incorrect. He alleged that, in his letter to his trial counsel, he requested that counsel file a motion to withdraw his guilty plea "and then file a notice of appeal if need be…"

¶ 30    Now, on appeal, defendant alleges that his postconviction counsel did not provide reasonable assistance by failing to amend his petition to raise a claim of ineffective assistance of trial counsel for failing to file a late notice of appeal based upon the belief that the Rule 605(c) admonishments were insufficient. While the State urges us to focus on determining whether this amounted to a "new" argument, we choose to follow the language in *Turner* to determine whether the suggested amendment was necessary for an adequate presentation of defendant's contention where it prevented the trial court from considering defendant's claim.

¶ 31    We recognize that defendant, in his *pro se* petition, solely focused on attempting to convince the circuit court to excuse the untimeliness of his own request for counsel to file a motion to withdraw. He did not allege that counsel should have filed a late notice of appeal and most importantly, did not provide any grounds for filing of a late notice of appeal. See Ill.Sup.Ct.R.

606(c) (eff. March 12, 2021) (a reviewing court may grant a late notice of appeal where there is a "…motion supported by a reasonable excuse for failing to file a notice of appeal on time…or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence…"). In his reply brief, defendant argues that trial counsel merely needed to submit an affidavit averring that defendant's failure to file a timely notice of appeal was not due to his culpable negligence and that there was merit to his appeal, and "both of which the record supports." He asserts, in part, that "jail officials refused [his] request to use the law library" during the 30-day window. He also asserts that he attempted to file a timely *pro se* motion to withdraw his guilty plea within the time limitations, but "it was never docketed by the circuit court." However, defendant made these assertions in a subsequently filed petition to withdraw his guilty plea. There is no evidence that defendant informed his trial counsel about any difficulties that he had with filing a motion to withdraw his guilty plea. Consequently, there is no evidence that his trial counsel was aware of any difficulties that defendant may have had in seeking a motion to withdraw his guilty plea or any concern in order to support an averment that defendant's failure to file a timely notice of appeal was not due to his culpable negligence.

¶ 32    Further, we recognize that defendant, in his *pro se* postconviction petition, also did not allege that the admonishments that he received were insufficient and violated Rule 605(c). In fact, in his postconviction petition, defendant clearly expressed his understanding that he needed to file a written motion to withdraw his guilty plea with the 30-day time limitation. In light of the absence of these allegations, as well as providing grounds for such allegations, we cannot find that postconviction counsel provided reasonable assistance for failing to amend the petition to include an additional claim of ineffective assistance of trial counsel.

¶ 33    Defendant relies primarily on *People v. Jennings*, 345 Ill.App.3d 265 (2003) to support his claim that postconviction counsel failed to comply with Rule 651(c). The defendant filed a *pro se* postconviction petition in which he alleged that his trial counsel was ineffective for ignoring the defendant's request to file a motion to reconsider his sentence and a notice of appeal. The fourth district of this court found that among counsel's deficiencies was the failure to amend the defendant's claim of ineffective assistance of trial counsel, for failure to file a postplea motion to reconsider his sentence, to include an allegation of the grounds that the defendant could have raised in a motion to reconsider sentence. *Id*. at 272 (citing *People v. Edwards*, 197 Ill.2d 239, 258 (2001)). The court found that "such an allegation was an essential element of defendant's claim." *Id*. at 273. The court went on to identify no fewer than seven factors trial counsel could have included in such a postplea motion. *Id*. at 274.

¶ 34    Defendant's suggestion that this case is analogous to *Jennings* is misplaced where there is a crucial distinction. In *Jennings*, postconviction counsel failed to file a Rule 651(c) certificate, and the burden was therefore on the State to show that the record demonstrated compliance with the rule. See *Jennings*, 345 Ill.App.3d at 271 (citing *People v. Carter*, 223 Ill.App.3d 957, 962 (4th Dist. 1992)). Here, postconviction counsel filed a Rule 651(c) certificate, leading to the presumption that counsel complied with the rule, and defendant now bears the burden of demonstrating counsel's failure to comply. We reject defendant's argument in his reply brief that this distinction is "irrelevant" in this case.

¶ 35    Moreover, in *Jennings*, the court found unreasonable assistance of counsel for failing to amend his petition to provide grounds for the defendant's underlying claim in order to preserve that claim for appellate review where those grounds were available for trial counsel from the trial record. Here, in sharp contrast, defendant is seeking for us to find that postconviction counsel provided

unreasonable assistance by failing to raise an entirely separate claim of ineffective assistance of trial counsel – for failing to file a late notice of appeal - in order to circumvent the fact that his request to withdraw his plea was untimely and for which there is no evidence that his trial counsel was aware of any basis for filing a late notice of appeal. We decline to extend *Jennings* to include a situation in which the grounds for the underlying claim, in this case ineffective assistance of trial counsel for failing to file a late notice of appeal, is not apparent from the record available at the time that trial counsel could have filed such a motion.

¶ 36    Moreover, in his reply brief, defendant asks us to consider the issue with the understanding that he was an "unskilled petitioner" when he wrote his *pro se* petition and cites to *People v. Reyes*, 369 Ill.App.3d 1 (1st Dist. 2006) and *People v. Thomas*, 2014 IL App (2d) 121001. However, both of these cases address a first-stage dismissal in which the defendant needed to only raise the gist of a meritorious claim before having his petition proceed to the second stage of postconviction review. *Reyes*, 369 Ill.App.3d at 12; *Thomas*, 2014 IL App (2d) 121001, ¶ 56. Here, we are considering this issue at the second stage of postconviction proceedings and under the lens of whether defendant's postconviction petition provided the foundation for this court to find that his postconviction counsel needed to amend defendant's *pro se* petition. There is a distinction between looking at what a defendant must do at the first stage and what postconviction counsel must do at the second stage.

¶ 37    Defendant also argues in his reply brief that he does not have to prove the merits of his underlying claims, citing to *People v. Suarez*, 224 Ill.2d 37, 47 (2007); *People v. Turner*, 187 Ill.2d 406, 416 (1999); and *People v. Johnson*, 154 Ill.2d 227, 246 (1993). However, he further argues that "the record suggests that [he] had a meritorious ground for an appeal." Here, we are not basing our decision on the merits of defendant's underlying claim, but on the fact that, unlike in *Jennings*,

the defendant did not provide any grounds for his claim in his postconviction petition to merit the need for his postconviction counsel to amend the petition.

¶ 38　　That being said, the American Bar Association Plea Bargain Task Force just issued its Report. A news summary of the Report notes "that the current plea-bargaining system offers some benefits, including efficiency, cost savings, certainty and a mechanism to incentivize defendants to cooperate or accept responsibility." However, the report found those benefits come at a cost. "The integrity of the criminal system is negatively affected by the sheer number of cases resolved by pleas. Police and government misconduct often goes unchecked because so few defendants proceed to pretrial hearings where such misconduct is litigated," the report said.

¶ 39　　The task force recommended several major steps that legislatures, lawyers, judges and court administrators can take to create a more fair and transparent plea-bargaining system. "While the plea-bargaining process in the United States is broad and varied, the task force determined that it was vitally important to craft a single set of principles to guide plea practices generally," the report found. "These principles represent our conclusions about how plea bargaining should operate within our larger criminal justice system, a system based on the fundamental constitutional right to trial."

¶ 40　　Among the 14 guiding principles in the report are the following:

"Principle 1: A vibrant and active docket of criminal trials and pre- and post-trial litigation is essential to promote transparency, accountability, justice and legitimacy in the criminal justice system.

"Principle 2: Guilty pleas should not result from the use of impermissibly coercive incentives that force a defendant to plead guilty rather than pursue their right to a trial.

"Principle 3: A substantial difference between the sentence offered prior to trial and the sentence received after trial undermines the integrity of the criminal system and reflects a penalty for exercising one's right to trial. This differential, often referred to as the trial penalty, should be eliminated.

"Principle 4: Charges should not be selected or amended to induce a defendant to plead guilty or to punish defendants for exercising their rights, including the right to trial.

"Principle 5: The criminal justice system should recognize that plea bargaining induces defendants to plead guilty for various reasons, some of which have little or nothing to do with factual and legal guilt. In the current system, innocent people sometimes plead guilty to crimes they did not commit.

"Principle 7: There should be robust and transparent procedures at the plea phase to ensure that the defendant's plea is knowing and voluntary, free from impermissible coercion, and that the defendant understands the consequences of their decision to plead guilty.

"Principle 8: The use of bail or pretrial detention to induce guilty pleas should be eliminated.

"Principle 10: Although guilty pleas necessarily involve the waiver of certain trial rights, defendants should never be required to waive certain rights. Among them: the right to effective counsel, the right to challenge sentencing errors, the right to challenge the constitutionality of the statute of conviction and the right to appeal." (See https://americanbar.org/content/dam/aba/publications/criminal.justice/plea-bargain-tf-report.pdf)

¶ 41      These are worthwhile goals and should be energetically discussed at all levels of our state courts.

¶ 42      Therefore, we conclude that defendant has failed to meet his burden of overcoming the presumption of compliance created by postconviction counsel's Rule 651(c) certificate. Accordingly, we affirm the order of the circuit court granting the State's motion to dismiss defendant's postconviction petition.

¶ 43                                    CONCLUSION

¶ 44      For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 45      Affirmed.

¶ 46      PRESIDING JUSTICE LAVIN, specially concurring:

¶ 47      I concur in the judgment only.

¶ 48      JUSTICE COGHLAN, specially concurring:

¶ 49      Although I **concur** in the **judgment reached in this case,** I see no reason to comment on the findings of a bar association task force concerning issues that are not relevant to the issues raised in this appeal. In the interest of judicial restraint, I specially concur.