NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230186-U

NO. 4-23-0186

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Lee County |
| CORY D. ROBINSON, | ) | No. 17CF149 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jacquelyn D. Ackert, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court reversed the trial court's dismissal of defendant's
postconviction petition and remanded for further proceedings, holding
postconviction counsel provided unreasonable assistance.

¶ 2     Defendant, Cory D. Robinson, was convicted of aggravated criminal sexual abuse

(720 ILCS 5/11-1.60(d) (West 2016)) and battery (*id*. § 12-3(a)(2)). In September 2021,

defendant filed a *pro se* postconviction petition. The trial court advanced the petition to the

second stage of postconviction proceedings and appointed counsel to represent defendant. In

February 2023, the court granted the State's motion to dismiss the petition, finding defendant

waived his postconviction claims by failing to raise them on direct appeal. Defendant appeals the

dismissal of his petition, arguing postconviction counsel provided unreasonable assistance by

failing to amend his petition to adequately present his claims as required by Illinois Supreme

Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we reverse the court's judgment and remand for further proceedings.

¶ 3                                            I. BACKGROUND

¶ 4        In August 2017, the State charged defendant with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2016)), alleging he committed an act of sexual conduct with K.J.W. by placing his hands on her breasts, while defendant was over the age of 17 and at least 5 years older than K.J.W. and K.J.W. was at least 13 but under 17 years of age. The State also charged defendant with battery (*id.* § 12-3(a)(2)), alleging he knowingly made physical contact of an insulting or provoking nature when he "rubbed his penis through his clothing onto the buttocks of K.J.W."

¶ 5        Prior to trial, defendant was represented by his retained attorney, but he decided to proceed *pro se* on the morning of his bench trial. After admonishing defendant in accordance with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984), the trial court accepted defendant's waiver of counsel and the matter proceeded to a bench trial.

¶ 6        At the bench trial on March 7, 2018, the State called Dixon police detective Jessica Friday to testify. Friday testified she scheduled a forensic interview with K.J.W. at Shining Star Children's Advocacy Center after receiving a report of sexual abuse on June 11, 2017. During the interview, K.J.W. stated defendant contacted her mother and asked if K.J.W. could assist him with watching his son at his residence. K.J.W. then went to defendant's residence. After playing with defendant's son in the pool, K.J.W. went inside, spoke with defendant's wife, Denise, and went upstairs to dry off. Defendant also went upstairs to lay his son down for a nap. While K.J.W. was upstairs and in her bathing suit, defendant assaulted her by drying her "buttocks area" with a towel and rubbing his "bad area" against her buttocks.

- 2 -

K.J.W. also stated defendant had previously abused her in the basement of his residence, rubbing his "bad part" against her buttocks and touching her breasts under her clothing. Friday also spoke with defendant and his wife, who both confirmed K.J.W. was at their residence on the date of the incident and that she went upstairs while defendant was there putting his son down for a nap.

¶ 7　　　　K.J.W. testified consistently with Friday's testimony. Following K.J.W.'s testimony, the State rested.

¶ 8　　　　Defendant called K.J.W.'s mother, Lisa L., to testify. Lisa L. testified defendant called her in the morning on June 11, 2017, to request assistance. In response to defendant's questioning, Lisa L. stated she did not remember the exact time he called. Defendant then asserted the State had "a screen shot picture of that phone *** conversation," which would reveal the time of the phone call. When defendant asked the trial court for a copy of the screenshot, the prosecutor responded it was provided to defendant in discovery. Defendant told the court he had asked his former attorney about the screenshot, but the attorney denied any knowledge of it. The prosecutor stated the only copy he had was on a disk and he had discussed the picture with defendant's former attorney, who was planning to use it at trial. The court asserted it was defendant's responsibility to find the screenshot if it was disclosed in discovery.

¶ 9　　　　Defendant then called his wife, Denise. She testified she saw defendant and K.J.W. going into the kitchen after she returned from church around 1:10 p.m. She testified K.J.W. was upstairs briefly with defendant to get towels, but they came right back downstairs. Defendant went back upstairs to put his son down for a nap, and K.J.W. followed approximately 10 minutes later. K.J.W. was upstairs with defendant for "about five minutes at the most" before she left.

¶ 10        Defendant testified on his own behalf that he called his neighbor, Lisa L., asking for "helping hands" to watch his son while he did yard work at "maybe 12:20, 12:30" on June 11, 2017. K.J.W. came over and played with defendant's son in the pool. When they went inside, defendant and K.J.W. saw defendant's wife in the kitchen. Defendant and K.J.W. went upstairs to get some towels but then immediately came back downstairs to the kitchen. Defendant testified he then took his son back upstairs to change his diaper. Defendant testified K.J.W. later came back upstairs, asked him some questions about getting his son to sleep, and then left to go home. At the conclusion of his testimony, defendant played a video. He explained K.J.W. had taken the video using his cell phone a few weeks before the alleged incident and it showed him folding laundry while K.J.W. talked with him. Defendant introduced the video to show K.J.W.'s "comfort level" with him.

¶ 11        Following closing arguments, the trial court found defendant guilty of both charges. At defendant's request, the court appointed an attorney to represent him at sentencing. Although he was represented by counsel, defendant filed a *pro se* "Motion for Evidence," seeking two screenshot images taken from Lisa L.'s phone.

¶ 12        At the sentencing hearing, the trial court inquired about the motion, and defendant asserted he believed the screenshots had been requested by his attorney but not disclosed by the State prior to trial. Defendant contended the screenshots along with K.J.W.'s testimony "would have established that there would not have been enough time for anything to have occurred." The prosecutor stated the evidence was disclosed during discovery, but defendant maintained it was not contained in the documents his former attorney delivered to him. Defendant further stated that after the trial, his former attorney gave five disks to his wife, but one of them would not open. Defendant's current attorney confirmed she received five disks from Denise and one could

not be opened. The prosecutor asserted he was aware of the inoperable disk, but the problem was apparently resolved because the disk contained the video that was shown during the trial.

¶ 13        The trial court denied defendant's *pro se* "Motion for Evidence" and sentenced him to 13 years in prison for aggravated criminal sexual abuse and a concurrent term of 364 days for battery. On appeal, defendant argued (1) he did not knowingly waive his right to counsel prior to the bench trial and (2) the court erred in sentencing him as a Class X offender for aggravated criminal sexual abuse based on his prior convictions. The appellate court rejected defendant's arguments and affirmed the trial court's judgment. *People v. Robinson*, 2021 IL App (2d) 2180994-U.

¶ 14        On September 3, 2021, defendant filed a *pro se* postconviction petition, alleging a claim of ineffective assistance of his pretrial counsel. Defendant alleged his pretrial counsel (1) failed to investigate and prepare a defense, (2) committed a *Brady* violation (see *Brady v. Maryland*, 373 U.S. 83 (1963)) by withholding or failing to turn over evidence to defendant prior to trial, and (3) failed to investigate or inform defendant of the State's intention to use evidence of other crimes or bad acts. Defendant generally alleged his attorney was not prepared for trial because he did not interview defendant's wife, did not obtain the screenshot images of Lisa L.'s phone, and could not have reviewed the contents of the inoperable disk. Defendant also alleged a violation of his constitutional right to due process because the State (1) failed to inform him of its intention to introduce evidence of other crimes or bad acts and (2) failed to disclose evidence or "turn over adequate and operable evidence."

¶ 15        On October 28, 2021, the trial court found defendant's allegation of ineffective assistance of counsel was not frivolous or patently without merit. Accordingly, the court

advanced the petition to the second stage of postconviction proceedings and appointed counsel to represent defendant.

¶ 16       Defendant's counsel adopted the *pro se* postconviction petition without amendment. The State then filed a motion to dismiss, arguing, in pertinent part, defendant forfeited his postconviction claims of ineffective assistance of counsel because they could have been raised on direct appeal. The State asserted no new information had been obtained following defendant's appeal and the claims presented in his postconviction petition were known prior to his appeal. Defendant's counsel filed a response, asserting defendant could not have raised his postconviction claims on direct appeal because they "relied on facts that came to light months after trial and well beyond the time period to file any post-trial motion." Counsel argued forfeiture did not apply because defendant's ineffective assistance claims could not have been raised on direct appeal.

¶ 17       On October 31, 2022, defendant's appointed counsel was allowed to withdraw and the public defender's office was appointed to represent him. Defendant's new counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), asserting he was adopting defendant's *pro se* petition without amendment along with previous counsel's response to the State's motion to dismiss. Following a hearing, the trial court granted the State's motion to dismiss defendant's petition. The court stated the disputed evidence was "discovered after the Bench Trial but prior to sentencing, and, in fact, there is a record of that being addressed by his newly appointed Counsel for sentencing hearing." The issues were raised at the sentencing hearing, but defendant did not file a motion for a new trial following sentencing. The court concluded, because defendant "failed to raise those issues on appeal that they were, in fact,

[forfeited] and there's no new information that's been obtained since the Appellate Court ruled on these issues."

¶ 18    This appeal followed.

¶ 19                    II. ANALYSIS

¶ 20    On appeal, defendant contends his postconviction counsel failed to comply with Rule 651(c) because he did not amend the *pro se* petition to include a claim of ineffective assistance of appellate counsel. Defendant maintains a routine amendment to include that claim would have avoided dismissal of his petition based on forfeiture. Defendant concludes counsel violated Rule 651(c) because he did not make an amendment necessary to adequately present defendant's contentions in his *pro se* petition.

¶ 21                    A. Postconviction Proceedings and Right to Counsel

¶ 22    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a procedural mechanism for criminal defendants to assert a substantial violation of their federal or state constitutional rights occurred during trial or at sentencing. *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763. The purpose of a postconviction proceeding is to allow inquiry into constitutional issues that have not been, and could not have been, raised on direct appeal. *Id.* Claims raised and decided on direct appeal are barred by the doctrine of *res judicata*, and claims that could have been raised, but were not, are forfeited. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456, 793 N.E.2d 609, 619 (2002).

¶ 23    The Act provides a three-stage process for adjudicating postconviction petitions. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615. At the first stage, the trial court reviews the petition independently and determines whether it states the gist of a constitutional violation or is frivolous or patently without merit. *People v. Bailey*, 2017 IL 121450, ¶ 18, 102 N.E.3d 114.

If the petition is not summarily dismissed at the first stage, it is advanced to the second stage where counsel is appointed for the defendant if he is indigent, and the State may file an answer or a motion to dismiss the petition. *People v. Johnson*, 2018 IL 122227, ¶¶ 14-15, 123 N.E.3d 1083.

¶ 24    The right to counsel in postconviction proceedings is not constitutional in nature but is a "matter of legislative grace." *People v. Pinkonsly*, 207 Ill. 2d 555, 567, 802 N.E.2d 236, 244 (2003). Therefore, a postconviction defendant is only entitled to the level of assistance guaranteed by the Act. *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 728 (1999). The Act requires postconviction counsel to provide a "reasonable level of assistance." *Id*. To that end, Rule 651(c) sets forth specific duties postconviction counsel must fulfill. *Id*. Rule 651(c) requires postconviction counsel to (1) consult with the defendant to ascertain his or her contentions, (2) examine the record of the trial proceedings, and (3) make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [defendant's] contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 25    "[T]he purpose of Rule 651(c) is to ensure that counsel shapes the [defendant's] claims into proper legal form and presents those claims to the court." *People v. Perkins*, 229 Ill. 2d 34, 43-44, 890 N.E.2d 398, 403 (2007). Compliance with the rule is mandatory, but counsel creates a rebuttable presumption of reasonable assistance by filing a Rule 651(c) certificate. *People v. Addison*, 2023 IL 127119, ¶ 21, 217 N.E.3d 1011. The defendant bears the burden of rebutting the presumption by showing postconviction counsel did not substantially comply with the requirements of the rule. *Id*. The defendant may rebut the presumption by demonstrating counsel did not make all necessary amendments to the *pro se* petition, including amendments necessary to overcome procedural bars. *Id*. The trial court's dismissal of a postconviction petition

at the second stage of the proceedings is reviewed *de novo*. *People v. Johnson*, 2017 IL 120310, ¶ 14, 77 N.E.3d 615.

¶ 26                                    B. Compliance With Rule 651(c)

¶ 27            Here, defendant's postconviction counsel filed a Rule 651(c) certificate stating he "made any amendments to the petition filed *pro se* that [he] deem[ed] necessary for an adequate presentation of [defendant's] contentions." Counsel's certificate stated he was adopting defendant's *pro se* petition without amendment. Defendant argues the presumption of reasonable assistance created by counsel's Rule 651(c) certificate is rebutted because the record shows counsel failed to amend the petition to address the forfeiture argument raised in the State's motion to dismiss the petition. We agree.

¶ 28            The supreme court's recent decision in *Addison* is instructive. In that case, the trial court advanced the defendant's *pro se* postconviction petition to the second stage and appointed counsel. *Addison*, 2023 IL 127119, ¶ 8. Postconviction counsel filed an amended petition asserting five claims, but she did not include any claim of ineffective assistance of appellate counsel. *Id*. Counsel also filed a Rule 651(c) certificate. *Id*. The State filed a motion to dismiss the amended petition, arguing the defendant forfeited his postconviction claims because they could have been raised on direct appeal and the defendant did not challenge his appellate counsel's decision not to raise them on direct appeal. *Id*. ¶ 9. The trial court granted the State's motion to dismiss. *Id*. ¶ 12.

¶ 29            The appellate court reversed and remanded for further proceedings, holding postconviction counsel provided unreasonable assistance by failing to allege claims of ineffective assistance of appellate counsel to overcome the forfeiture issue raised in the State's motion to dismiss. *Id*. ¶ 14. The appellate court relied on *Turner*, 187 Ill. 2d at 414, which held

postconviction counsel's failure to make a routine amendment to a petition to overcome a procedural bar was unreasonable. (Internal quotation marks omitted.) *Addison*, 2023 IL 127119, ¶ 14.

¶ 30　　　　In affirming, the supreme court observed, "When a petitioner is asserting claims that could have been raised on direct appeal, he can avoid the procedural bar of forfeiture by casting his claims as ineffective assistance of appellate counsel for failing to raise the issues on direct appeal." *Id.* ¶ 23 (citing *Turner*, 187 Ill. 2d at 413). In its motion to dismiss, the State argued the defendant forfeited his claims because they could have been raised on direct appeal, and postconviction counsel did not amend the petition in response to the State's motion. *Id*. ¶ 25. The supreme court asserted, "We cannot hold that postconviction counsel provided reasonable assistance where she identified several claims that she believed were worth pursuing but did not make the necessary amendments to put the claims in their proper form." *Id*. The "court was clear in *Turner* that the failure to allege ineffective assistance of appellate counsel when necessary to overcome a forfeiture was a violation of Rule 651(c)." *Id.* ¶ 27.

¶ 31　　　　Similarly, in this case, the trial court found defendant's *pro se* petition stated the gist of a constitutional claim and advanced the petition to the second stage. The State moved to dismiss the petition on the basis that defendant forfeited his claims by failing to raise them on direct appeal. The motion to dismiss specifically stated, "All of the issues presented by Defendant were known by Defendant and not pursued during his appeal." Although the State's claim was clearly raised in its motion to dismiss, postconviction counsel did not amend the petition to include a claim of ineffective assistance of appellate counsel to avoid dismissal of the petition based on forfeiture. The record shows counsel failed to make the necessary amendments to put the postconviction claims in their proper form. As in *Addison* and *Turner*, the failure to

allege ineffective assistance of appellate counsel to overcome forfeiture was a violation of Rule 651(c).

¶ 32 The State, nonetheless, contends postconviction counsel provided reasonable assistance by arguing forfeiture did not apply in this case. According to the State, the ineffective assistance of pretrial counsel claims were based on facts outside the record and could not have been raised on direct appeal.

¶ 33 Initially, we note the State's argument is directly contrary to its motion to dismiss, where it maintained defendant forfeited his postconviction claims because "[a]ll of the issues presented by Defendant were known by Defendant and not pursued during his appeal." The State's argument on appeal is also contrary to the trial court's decision granting the motion to dismiss. The court asserted the issues were raised in the trial court and defendant forfeited them by failing to raise them on direct appeal.

¶ 34 In any case, postconviction counsel was aware of the State's motion to dismiss the petition based on forfeiture and could have overcome that procedural bar with an amendment alleging ineffective assistance of appellate counsel. The supreme court has long held counsel provides unreasonable assistance by failing to make a routine amendment to a postconviction petition that was necessary to overcome the procedural bar of forfeiture. See *Turner*, 187 Ill. 2d at 412; see also *Perkins*, 229 Ill. 2d at 44 (stating an adequate presentation of postconviction claims necessarily includes attempting to overcome procedural bars that may result in dismissal of the petition). In this case, postconviction counsel could have easily amended the *pro se* petition to avoid the State's argument and dismissal of the petition. Counsel provided unreasonable assistance in failing to make that necessary amendment.

¶ 35　　　　The State also argues postconviction counsel is not required to make an amendment to further a frivolous claim. The State contends defendant's petition should be dismissed because his claims lack merit and an amendment alleging appellate counsel was ineffective for failing to further those claims would be frivolous.

¶ 36　　　　The State's argument is based on the merits of the claims raised in the *pro se* postconviction petition. The trial court found the postconviction petition presented nonfrivolous claims and advanced the petition to the second stage. Moreover, it is well settled that a reviewing court will not address the merits of the claims alleged in a postconviction petition after finding counsel did not fulfill the duties set forth in Rule 651(c). *Addison*, 2023 IL 127119, ¶ 33. The case law "clearly establishes that *all* postconviction petitioners are entitled to have counsel comply with the limited duties of Rule 651(c) before the merits of their petitions are determined." (Emphasis in original). *Id.* ¶ 37. When postconviction counsel does not adequately fulfill the duties outlined in Rule 651(c), a remand is required regardless of whether the claims alleged in the petition have merit. *Id.* ¶ 42.

¶ 37　　　　In this case, postconviction counsel did not comply with the requirements of Rule 651(c) when he failed to make a necessary amendment to defendant's *pro se* petition to avoid dismissal based on forfeiture. Defendant has rebutted the presumption of reasonable assistance arising from counsel's Rule 651(c) certificate. Therefore, we reverse the trial court's dismissal of defendant's petition and remand for compliance with Rule 651(c) with new counsel appointed to represent defendant.

¶ 38　　　　　　　　　　　　　　III. CONCLUSION

¶ 39　　　　For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 40        Reversed and remanded.