(No. 79902.

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT TURNER, Appellant.

*Opinion filed September 23, 1999.*

Daniel R. Sanders, of the Office of the State Appellate Defender, of Chicago, for appellant.

James E. Ryan, Attorney General, of Springfield, and Vincent Moreth, State's Attorney, of Carlinville (William L. Browers, Assistant Attorney General, of Chicago, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:
. The petitioner, Robert Turner, was convicted of murder, aggravated kidnapping, unlawful restraint, aggravated criminal sexual assault and robbery and was sentenced to death. Petitioner appeals from a Macoupin County circuit court order dismissing his post-conviction petition without an evidentiary hearing. Because petitioner was sentenced to death, this court has jurisdiction over the instant appeal pursuant to Supreme Court Rule 651(a) (134 Ill. 2d R. 651(a)). For the following reasons, we now reverse the circuit court and remand with directions.

## BACKGROUND

A jury in the circuit court of Macoupin County convicted petitioner of, *inter alia*, murder, aggravated criminal sexual assault, aggravated kidnapping and rob-

bery and sentenced petitioner to death. On direct appeal, this court affirmed his convictions, but vacated his death sentence and ordered a new sentencing hearing. *People v. Turner*, 128 Ill. 2d 540 (1989). Petitioner waived his right to be sentenced by a jury, and the trial court once again sentenced petitioner to death. This court affirmed petitioner's sentence on direct appeal (*People v. Turner*, 156 Ill. 2d 354 (1993)), and the United States Supreme Court denied petitioner's petition for writ of *certiorari* (*Turner v. Illinois*, 510 U.S. 1013, 126 L. Ed. 2d 570, 114 S. Ct. 606 (1993)).

Defendant subsequently filed a *pro se* post-conviction petition in which he alleged the following constitutional claims. First, petitioner alleged that the State violated his right to due process by failing to seize and disclose to the defense a pair of boots and a knife owned by petitioner's brother Michael Turner. Second, petitioner alleged that the State failed to disclose that it promised Michael Turner favorable treatment in exchange for his testimony against petitioner at trial. Third, petitioner alleged his trial counsel was ineffective for failing to discover and impeach Michael Turner with the evidence withheld by the State and statements Michael Turner made to undisclosed family members and prisoners at the Macoupin County jail. Petitioner's final claim alleged that the Illinois death penalty statute was unconstitutional.

The circuit court appointed David Grigsby as defendant's post-conviction counsel. Grigsby did not file an amended post-conviction petition. No affidavits were attached to the post-conviction petition. The circuit court granted the State's motion to dismiss the post-conviction petition without an evidentiary hearing, holding the claims in the post-conviction petition were barred by *res judicata* or waived because petitioner could have raised the claims on direct appeal but failed to do so.

Following the dismissal of petitioner's post-conviction

petition, this court granted petitioner's motion to remove Grigsby as his attorney and appointed the office of the State Appellate Defender, Capital Litigation Division, to represent petitioner in this appeal.

## ANALYSIS

Petitioner's only argument on appeal is that he was denied his right to reasonable assistance of counsel during the proceedings on his post-conviction petition. Because the right to counsel in post-conviction proceedings is wholly statutory (see 725 ILCS 5/122—4 (West 1998)), post-conviction petitioners are entitled only to the level of assistance provided by the Post-Conviction Hearing Act. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). It is well settled that the Act requires counsel to provide a "reasonable level of assistance" to petitioner in post-conviction proceedings. *People v. Owens*, 139 Ill. 2d 351, 364 (1990); *People v. Wright*, 149 Ill. 2d 36, 64 (1992); *Flores*, 153 Ill. 2d at 276. To that end, Supreme Court Rule 651(c) outlines the specific duties of appointed counsel in post-conviction proceedings. Rule 651(c) requires that the record in post-conviction proceedings demonstrate that appointed counsel "has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Petitioner first argues that his counsel's representation was inadequate because counsel only met with petitioner once in the two-year period he represented petitioner and refused to write, accept phone calls or otherwise communicate with petitioner in order to ascertain the constitutional claims in petitioner's *pro se* post-conviction petition. This court has consistently reversed the dismissal of post-conviction petitions where

there is a complete absence of consultation between petitioner and appointed counsel. See, *e.g.*, *People v. Wales*, 46 Ill. 2d 79, 81 (1970); *People v. Garrison*, 43 Ill. 2d 121, 124 (1969); *People v. Craig*, 40 Ill. 2d 466, 469 (1968). Nothing in these cases or Rule 651(c), however, requires appointed counsel to consult with petitioner a certain number of times. *People v. Stewart*, 121 Ill. 2d 93, 103 (1988). Rule 651(c) does require that appointed counsel consult with petitioner to ascertain his constitutional claims, but there is no reason as a matter of law why this cannot be accomplished in one meeting with defendant. See *Stewart*, 121 Ill. 2d at 103. Petitioner concedes as much in his brief when he acknowledges that this single meeting with appointed counsel "may have satisfied" the consultation requirement in Rule 651(c).

Petitioner next argues that his post-conviction counsel failed to comply with the requirement in Rule 651(c) that he examine the record of the proceedings at trial. Petitioner states that his appointed counsel could not have examined the entire record because transcripts for five dates during defendant's second sentencing proceedings were not included in the record on appeal in this case. Petitioner does not assert that any testimony was elicited on these dates. Instead, the trial court's docket sheet reveals that the trial court heard arguments on motions and issued a certificate of custody to secure defendant's presence at the sentencing hearing. Petitioner places particular emphasis on the fact that there is no transcript in the record for the hearing on August 20, 1990, at which the trial court granted petitioner's waiver of his right to a jury for sentencing.

Counsel's failure to examine the transcripts for these five dates, if they even exist,[1] does not violate Rule 651(c). Rule 651(c) requires post-conviction counsel only to ex-

---

[1]Petitioner's present appellate counsel did not supplement the record with these transcripts despite asserting he would do so if

amine "as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner." *People v. Davis*, 156 Ill. 2d 149, 164 (1993). Petitioner's *pro se* post-conviction petition did not allege any constitutional violations based on the waiver of his right to a jury at sentencing or any other matters which apparently were discussed on the dates for which the transcripts are not part of the record. To require counsel to examine portions of the record which have no relevance to petitioner's claims would be an exercise in futility.

Petitioner argues that *Davis* is distinguishable because *Davis* was not a capital case and *pro se* post-conviction petitioners have no right to appointed counsel in noncapital cases. This distinction is immaterial. Whether or not a *pro se* petitioner has a right to appointed counsel, once counsel is appointed, his or her obligations under Rule 651(c) are the same in every case regardless of whether the petitioner has been sentenced to death or not.

Petitioner next argues that his counsel's failure to make any amendments to the *pro se* post-conviction petition violated Rule 651(c). We agree. There is no requirement that post-conviction counsel must amend a petitioner's *pro se* post-conviction petition. *People v. Spreitzer*, 143 Ill. 2d 210, 221 (1991). Nevertheless, Rule 651(c) plainly requires that appointed post-conviction counsel make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c); see also *People v. Johnson*, 154 Ill. 2d 227, 238 (1993) (post-conviction counsel must shape petitioner's complaints in *pro se* petition into "appropriate legal form").

In this case, the trial court held that the claims in petitioner's post-conviction petition were waived because

---

his efforts to obtain the transcripts were successful.

they could have been raised on direct appeal but were not. There is, however, an exception to the waiver doctrine in post-conviction proceedings. If petitioner's counsel had amended the post-conviction petition to allege ineffective assistance of appellate counsel for failing to raise petitioner's claims on direct appeal, these claims would not have been barred by waiver. *Flores*, 153 Ill. 2d at 277 (noting the ease with which a petitioner may evade the operation of waiver simply by arguing ineffective assistance of appellate counsel); *People v. Whitehead*, 169 Ill. 2d 355, 371 (1996); *People v. Moore*, 177 Ill. 2d 421, 428 (1997); *People v. Erickson*, 183 Ill. 2d 213, 223 (1998). Counsel's failure to amend the post-conviction petition to allege ineffective assistance of appellate counsel prevented the circuit court from considering the merits of petitioner's claims and directly contributed to the dismissal of the petition without an evidentiary hearing.

Petitioner's appointed counsel failed to make additional amendments which were necessary for an adequate presentation of the claims in petitioner's *pro se* petition. Counsel failed to amend the petition to include an allegation that petitioner was prejudiced by the allegedly ineffective assistance of his trial counsel and that the evidence allegedly withheld from petitioner by the State was material. Both of these allegations are essential elements of petitioner's legal claims. *People v. Albanese*, 104 Ill. 2d 504, 525-26 (1984) (defendant alleging ineffective assistance of counsel must demonstrate prejudice); *People v. Hobley*, 182 Ill. 2d 404, 432 (1998) (defendant alleging violation of *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), must establish that the suppressed evidence was both favorable to accused and material). Counsel did not overcome these omissions in the *pro se* post-conviction petition itself by raising the additional elements of petitioner's claims at the hearing on the State's motion to dismiss the post-conviction petition.

Petitioner's appointed counsel also failed to attach any affidavits to support the claims in the post-conviction petition or offer any explanation for their absence. See 725 ILCS 5/122—2 (West 1996) ("The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached"). Such an omission is fatal to petitioner's claims. *Johnson,* 154 Ill. 2d at 241 (absence of affidavits or other evidence in support of post-conviction petition renders the petition insufficient to require an evidentiary hearing). Counsel's failure to attach any affidavits to support petitioner's claims is telling given his assertion at the hearing on the State's motion to dismiss that petitioner's claims were not waived because they are based on evidence outside the record on direct appeal. Counsel failed to include even an affidavit from petitioner describing this evidence or identifying witnesses who possess or have knowledge of this evidence. Several pages of testimony from the trial record were attached to petitioner's post-conviction petition, but these attachments only had the effect of utterly refuting counsel's answer to the State's waiver argument.

Given the totality of circumstances in this case, we hold that post-conviction counsel's performance was unreasonable and fell below the level of assistance required by Rule 651(c). Counsel failed to make a routine amendment to the post-conviction petition which would have overcome the procedural bar of waiver and elected to stand on a *pro se* petition, which omitted essential elements of petitioner's constitutional claims and contained virtually no evidentiary support.[2] Counsel's statement at the hearing on the State's motion to dismiss that an evi-

---

[2]We also note that appointed counsel's inept representation continued on appeal of the dismissal of petitioner's post-conviction petition. Counsel initially filed an appellate brief which was so inadequate that it prompted the State "in the interests of justice" to

dentiary hearing on petitioner's claims was warranted because petitioner alleged violations of his constitutional rights demonstrates that he was ignorant of one of the most basic principles of post-conviction proceedings. The mere allegation of a constitutional violation is insufficient to justify an evidentiary hearing; a petitioner is entitled to an evidentiary hearing on a post-conviction claim *"only* if he has made a substantial showing, based on the record and supporting affidavits, that his constitutional rights were violated." (Emphasis in original.) *Erickson,* 183 Ill. 2d at 222. Counsel's conduct represents a total failure of representation. Counsel's omissions and failures demonstrate that he represented petitioner in name only.

The State insists that petitioner has failed to demonstrate that he was prejudiced by his post-conviction counsel's performance. The State implies that the underlying claims in petitioner's post-conviction petition lack any merit and, therefore, his post-conviction counsel's failure to amend the petition did not prejudice petitioner in any way. The State's argument is unpersuasive. First, in the case of post-conviction counsel's failure to overcome the procedural bar of waiver, the prejudice to petitioner is palpable. Counsel's failure to amend the post-conviction petition precluded consideration of petitioner's claims on the merits and directly contributed to the dismissal of the petition without an evidentiary hearing.

On a more fundamental level, it is improper to affirm the dismissal of a post-conviction petition when this court

---

move to strike the brief. Counsel's nine-page appellate brief did not contain a single reference to the record, nor did it sufficiently allege any reason why the trial court's dismissal of the post-conviction petition was improper. This court granted the State's motion to strike counsel's appellate brief and ultimately granted petitioner's motion for new counsel on appeal.

finds that post-conviction counsel's performance was so deficient that it amounts to virtually no representation at all. See *People v. Tyner*, 40 Ill. 2d 1, 2-4 (1968) (reversing the dismissal of a post-conviction petition without an evidentiary hearing where appointed counsel elected to stand on the original *pro se* petition and did not consult with the petitioner or examine the record even though none of the claims in the *pro se* petition appeared to require an evidentiary hearing). This court will not speculate whether the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). *Johnson*, 154 Ill. 2d at 246. In *Johnson*, for example, this court reversed the dismissal of the petitioner's postconviction petition without an evidentiary hearing because his post-conviction counsel made no effort to obtain affidavits from any witnesses specifically identified in the *pro se* post-conviction petition. The *Johnson* court rejected the State's entreaties to affirm the dismissal of the post-conviction petition on grounds other than the absence of any affidavits or evidentiary support for the claims in the petition. The *Johnson* court stated:

> "The trial court here concluded that the allegations in the petition relating to counsel's performance at trial did not warrant an evidentiary hearing. It is entirely possible that the trial court would have reached this same conclusion even if counsel had contacted the witnesses named in the petition and attached affidavits in support of the post-conviction claims. We cannot simply presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). It is the duty of the trial court, and not this court, to determine on the basis of a complete record whether the post-conviction claims require an evidentiary hearing." *Johnson*, 154 Ill. 2d at 246.

Likewise, in this case it is improper to determine the merit of petitioner's claims where counsel essentially did

nothing to shape the petitioner's claims into the appropriate legal form. To tolerate such inadequate representation would render the appointment of counsel in post-conviction proceedings nothing but "an empty formality." *People v. Garrison*, 43 Ill. 2d 121, 123 (1969); *People v. Wilson*, 40 Ill. 2d 378, 381 (1968) (representation by appointed counsel in post-conviction proceedings must be more than mere "tokenism"). Petitioner must be given an opportunity to replead his post-conviction petition with the benefit of reasonable assistance of counsel.

We reiterate that we express no opinion on the merit of the claims in petitioner's post-conviction petition or even whether an evidentiary hearing on his claims would be appropriate in this case. On remand, the trial court will have an opportunity to evaluate the claims in petitioner's post-conviction petition once petitioner's counsel has made any amendments to the petition which are necessary for an adequate presentation of petitioner's contentions. *Johnson*, 154 Ill. 2d at 249.

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Macoupin County dismissing defendant's amended post-conviction petition without an evidentiary hearing is reversed. The cause is remanded to the circuit court with directions that it allow petitioner the opportunity to replead his post-conviction petition with the assistance of counsel.

*Reversed and remanded with directions.*