**NOTICE**
Decision filed 08/23/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 220189-U

NO. 5-22-0189

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

**NOTICE**
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 14-CF-348 |
| | ) | |
| KOBY S. HUMERICKHOUSE, | ) | Honorable |
| | ) | Eric J. Dirnbeck, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the judgment of the trial court dismissing the defendant's postconviction petition where postconviction counsel rendered unreasonable assistance of counsel when he failed to properly shape the defendant's postconviction claims into the proper legal form to survive forfeiture and to cure any deficiencies in the defendant's *pro se* claims. We remand for new second-stage proceedings.

¶ 2    In March 2022, the circuit court of Franklin County granted the State's motion to dismiss the defendant Koby Humerickhouse's amended postconviction petition during the second stage of proceedings under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). The defendant appeals this dismissal, arguing that the court's order should be reversed and this case remanded for further second-stage proceedings with new counsel where the court erred in granting the State's motion to dismiss the amended postconviction petition on the grounds of

forfeiture. He also argues that he did not receive a reasonable level of assistance from postconviction counsel where postconviction counsel failed to shape his claims into proper legal form and failed to attach the requisite notarized affidavits. For the reasons that follow, we reverse the dismissal of the defendant's amended postconviction petition and remand for new second-stage proceedings.

¶ 3                                    I. BACKGROUND

¶ 4     On December 22, 2016, the defendant entered into a fully negotiated guilty plea to aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2014)). In exchange for the plea, the defendant was sentenced to a 30-year prison term followed by a 3-year period of mandatory supervised release, and the other charge for attempted first degree murder was dismissed. The defendant did not file a motion to withdraw the guilty plea or a direct appeal.

¶ 5     On July 26, 2019, the defendant filed a *pro se* postconviction petition. On November 19, 2019, the trial court summarily dismissed the defendant's *pro se* petition, finding it to be frivolous and patently without merit. However, because the trial court failed to act on the *pro se* petition within the 90-day period established in section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2018)), this court vacated the dismissal order and remanded for second-stage postconviction proceedings. *People v. Humerickhouse*, No. 5-19-0527 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6     On remand, the defendant filed a *pro se* amended postconviction petition on October 9, 2020, although counsel had been appointed. The *pro se* amended petition contained the following allegations: (1) his trial counsel was ineffective throughout the entire court proceedings, (2) the trial court allowed his constitutional rights to be violated, (3) the crime and sentence were unconstitutionally enhanced to a Class X felony, (4) the sentence violated the proportionate

penalties clause of the constitution, (5) his sentence for a crime that he committed when he was 21 years old violated the eighth amendment ban on cruel and unusual punishment, and (6) the State did not disprove his claim of self-defense. Attached to the *pro se* amended petition was an affidavit from Cynthia Humerickhouse, which was signed by her but not notarized. At a June 17, 2021, status hearing, the defendant's counsel indicated that he was adopting the defendant's *pro se* postconviction petition.

¶ 7    On September 24, 2021, counsel filed a certificate of compliance pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). That same day, the State filed a motion to dismiss the defendant's amended petition, responding substantively to the defendant's claims.

¶ 8    At the November 5, 2021, hearing on the State's motion to dismiss, after hearing counsels' substantive arguments on the motion, the trial court noted that the State had an argument that the defendant could have brought the majority of his postconviction contentions in a direct appeal, and his failure to do so forfeited those arguments. The court then asked the State if it had considered a forfeiture argument. In response, the State indicated that the defendant had forfeited the majority of the arguments raised in his amended postconviction petition by not filing a direct appeal after the guilty plea and sentence were entered. In response, the defendant's postconviction counsel indicated that the fact that the defendant's previous counsel did not file a direct appeal was one of his concerns about prior counsel's effectiveness.

¶ 9    On March 8, 2022, the trial court entered an order granting the State's motion to dismiss. In the order, the court found that the defendant forfeited the contentions raised in his *pro se* amended petition because they could have been raised on direct appeal. As for the defendant attempting to invoke the protections provided to juveniles under *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny, the court indicated that the defendant was not a juvenile at the time that

3

he committed the offense as he was 21 years old at that time. Thus, the court found that these protections did not extend to this defendant and that his claims regarding sentencing were meritless. The defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, the defendant argues that the trial court erred in granting the State's motion to dismiss on the grounds of forfeiture because the rule that a defendant forfeits any issue in a postconviction petition that he could have raised on direct appeal does not apply when he did not file a direct appeal. Also, the defendant argues that he was denied reasonable assistance of counsel at the second stage of the postconviction proceedings where counsel failed to amend his postconviction petition to avoid forfeiture; failed to properly shape his claims of ineffective assistance of plea counsel; failed to attached a notarized affidavit from him to the amended petition; and failed to obtain a notarized signature on Cynthia's affidavit, which was attached to the amended petition adopted by postconviction counsel.

¶ 12    The State initially argues that the trial court properly dismissed the defendant's postconviction claims based on forfeiture because the defendant entered into a fully negotiated guilty plea and never moved to withdraw that guilty plea. The State then argues, in the alternative, that the defendant's postconviction claims do not establish a substantial showing of a constitutional violation.

¶ 13    The Act allows a criminal defendant to raise a claim that his conviction resulted from a substantial violation of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020). The Act establishes a three-stage process for the adjudication of postconviction petitions. *People v. Hommerson*, 2014 IL 115638, ¶ 7. If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent petitioner can obtain appointed counsel, and the

4

State can move to dismiss the petition or answer. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020).

¶ 14    As the right to postconviction counsel at the second stage of proceedings is wholly statutory, a postconviction petitioner is entitled to only a reasonable level of assistance. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). Postconviction counsel is not required to amend a postconviction petition in every case; amendments are necessary only when required to adequately present petitioner's claims. *People v. Turner*, 187 Ill. 2d 406, 412 (1999). Counsel is under no obligation to amend a petition to advance meritless claims. *People v. Greer*, 212 Ill. 2d 192, 205 (2004). Illinois courts have repeatedly held that the purpose of Rule 651(c) is to ensure counsel shapes the petitioner's claims into proper legal form and presents these claims to the court. *Perkins*, 229 Ill. 2d at 43-44.

¶ 15    Illinois Supreme Court Rule 651(c) imposes certain duties on postconviction counsel to ensure reasonable assistance. *Turner*, 187 Ill. 2d at 410. Under Rule 651(c), postconviction counsel is required to (1) consult with petitioner to ascertain his allegations of how he was deprived of his constitutional rights, (2) examine the record of proceedings from the trial, and (3) amend petitioner's *pro se* petition as necessary to adequately present his contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Counsel may file a certificate to show that he complied with the requirements of the rule, or the record may demonstrate that counsel complied with those requirements. *People v. Richmond*, 188 Ill. 2d 376, 380 (1999).

¶ 16    Where a Rule 651(c) certificate is filed, the presumption is that postconviction counsel rendered reasonable assistance during second-stage proceedings under the Act. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. Petitioner has the burden of overcoming the presumption by

5

demonstrating counsel's failure to substantially comply with the duties mandated by Rule 651(c). *Id.*

¶ 17  Here, postconviction counsel filed a Rule 651(c) certificate, stating that he consulted with the defendant by phone, mail, or electronic means to ascertain the defendant's contentions of constitutional deprivations; examined the guilty plea record of the proceedings; and made any amendment to the petition necessary for the adequate presentation of the defendant's claims. Thus, we presume counsel provided reasonable assistance. However, we review *de novo* whether counsel actually provided reasonable assistance. *People v. Wallace*, 2018 IL App (5th) 140385, ¶ 31. The defendant claims that the presumption of compliance is rebutted by postconviction counsel's failure to amend the petition to avoid forfeiture and to cure the legal deficiencies within his *pro se* claim of ineffective assistance for plea counsel's failure to file a motion to withdraw his plea as requested. Specifically, the defendant argues that postconviction counsel's assistance was unreasonable where counsel failed to obtain an affidavit from him about plea counsel's failure to file a motion to withdraw his guilty plea on his behalf and where postconviction counsel failed to obtain a notarized signature for Cynthia's affidavit. We agree.

¶ 18  As previously noted, Rule 651(c) requires the record on appeal to demonstrate that counsel made amendments to the *pro se* petition necessary for an adequate presentation of petitioner's contentions. *People v. Johnson*, 154 Ill. 2d 227, 243 (1993). An adequate presentation of a petitioner's substantive claims necessarily includes attempting to overcome procedural bars that will result in dismissal of a petition if not rebutted. *Perkins*, 229 Ill. 2d at 44.

¶ 19  In the defendant's amended *pro se* postconviction petition, which was adopted by postconviction counsel, the defendant argued that he was told by his trial counsel, immediately after his sentence was imposed, that counsel would file a motion to withdraw his guilty plea, but

6

counsel never did. However, the amended petition failed to include any explanation as to how the defendant was prejudiced by counsel's failure to file the motion or support for why his guilty plea should be withdrawn. Also, nothing in the amended postconviction petition suggests the defendant requested counsel to file a motion to withdraw his guilty plea. See *People v. Fern*, 240 Ill. App. 3d 1031, 1043 (1993) (for trial counsel to be ineffective for failing to file a motion to withdraw a guilty plea, it must be shown that he was requested to do so).

¶ 20    Although, in her affidavit, Cynthia indicated that, during a phone call between her and plea counsel's office staff, she requested that counsel file a motion to withdraw the defendant's guilty plea, that affidavit was never notarized. See *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 29 (any affidavit filed pursuant to the Act must be notarized). Moreover, postconviction counsel failed to attach an affidavit from the defendant regarding any conversations that he had with his plea counsel about filing a motion to withdraw the guilty plea.

¶ 21    If plea counsel felt that the defendant's claims lacked merit, counsel should have omitted them altogether. By adopting the *pro se* postconviction petition and implying that these issues were valid, counsel asserted that there was a good faith basis to allege a constitutional violation occurred; however, counsel neglected to present the claims in a manner that would allow the court to address these errors. *People v. Addison*, 2023 IL 127119, ¶¶ 21, 26 (it is unreasonable assistance for an attorney to identify claims worth pursuing but then fail to shape them into proper form).

¶ 22    Further, at the hearing on the motion to dismiss the defendant's amended postconviction petition, when the trial court indicated concern with the fact that the defendant's claims were forfeited by his failure to file a direct appeal, the defendant's postconviction counsel indicated that the failure to file a direct appeal was one of his concerns about plea counsel's effectiveness. However, this allegation was not included in the amended postconviction petition. Also,

7

postconviction counsel never argued that the failure to file a direct appeal did not necessarily preclude a postconviction defendant from proceeding with a postconviction petition. See *People v. Tripp*, 248 Ill. App. 3d 706, 711 (1993) (while failure to take a direct appeal may result in forfeiture of claims of nonconstitutional error, it does not bar review of constitutional claims raised in a postconviction petition); see also *People v. Rose*, 43 Ill. 2d 273, 279 (1969).

¶ 23    Thus, we find that postconviction counsel's failure to amend the *pro se* postconviction petition precluded consideration of the defendant's claims on the merits and directly contributed to the dismissal of the petition without an evidentiary hearing. Accordingly, despite the Rule 651(c) certificate, the record rebuts the presumption of reasonable assistance.

¶ 24    Finally, because we find counsel violated Rule 651(c), the defendant need not make an additional showing of prejudice. Our case law instructs that where postconviction counsel does not fulfill his duties under Rule 651(c), remand for a new second-stage proceeding is required regardless of whether the claims raised in the postconviction petition have merit. *Addison*, 2023 IL 127119, ¶ 33. Accordingly, we remand this cause for compliance with Rule 651(c).

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we reverse the judgment of the trial court of Franklin County dismissing the defendant's petition for postconviction relief at the second stage and remand for new second-stage proceedings, after the appointment of new postconviction counsel with leave to amend the defendant's *pro se* petition as needed.


¶ 27    Reversed and remanded.