NOTICE

Decision filed 11/06/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230243-U

NO. 5-23-0243

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Bond County. |
| | ) | |
| v. | ) | No. 19-CF-24 |
| | ) | |
| KELSEA LAMPKINS, | ) | Honorable |
| | ) | Christopher J.T. Bauer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice McHaney and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Remand for compliance with Rule 651(c) is required where counsel did not file a Rule 651(c) certificate and the record fails to show that counsel reviewed the record or made the necessary amendments.

¶ 2   Defendant, Kelsea Lampkins, appeals the second-stage dismissal of his postconviction, alleging that postconviction counsel failed to comply with Rule 651(c) and operated under a conflict of interest. For the following reasons, we remand so new counsel can comply with Rule 651(c).

¶ 3                                          I. BACKGROUND

¶ 4   On March 11, 2020, pursuant to a negotiated plea agreement, defendant pled guilty to one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)) in exchange for a sentence of 10 years and 6 months' imprisonment and the dismissal of a second

1

predatory criminal sexual assault of a child charge and a home invasion charge. At the time of defendant's guilty plea, he was represented by Attorney Richard Bullock. After admonishing defendant and accepting the guilty plea, the trial court imposed the agreed-upon sentence of 10 years and 6 months' incarceration.

¶ 5    On March 13, 2020, two days after defendant pled guilty, defendant filed a letter titled "Motion to Reduce Sentence." In the letter, defendant argued that he should have been awarded pretrial detention credit for time spent in custody on a prior charge that was ultimately dismissed. The trial court construed defendant's letter as a *pro se* motion to withdraw his guilty plea or to amend/correct the mittimus. Accordingly, the trial court appointed counsel, Judy Steele, to represent defendant and ordered 604(d) compliance. On March 18, 2020, the trial court substituted counsel and appointed Alicia Granito to represent defendant on his postplea motion.

¶ 6    At a June 9, 2020, status conference, Attorney Granito informed the trial court that she conferred with defendant and discussed the applicable law with him, and he wished to withdraw his *pro se* postplea motion. She stated defendant understood there was "no statutory or authority or case law that would support his claim for further sentence credits in regard to a case out of St. Clair County." The court granted Attorney Granito's request to withdraw defendant's *pro se* motion. Attorney Granito did not file a Rule 604(d) certificate.

¶ 7    On March 22, 2021, the trial court received a second letter from defendant. In this letter, defendant argued that "as a result of human error," he was mistakenly charged with the Class X felony of predatory criminal sexual assault of a child, even though the victim's allegations and those contained in the charging instrument supported only the lesser Class 2 felony charge of aggravated criminal sexual abuse. He asked that the trial court "amend [his] charge to the correct

one," to "restore equity." The trial court appointed Attorney Granito to represent defendant on "all post-judgment matters."

¶ 8      At the May 7, 2021, case management conference, Attorney Granito averred that she had not yet discussed the most recent *pro se* filing with defendant. The court set the case for another case management conference so that Attorney Granito could consult with defendant and file an amended motion, if necessary. At the next case management conference, the court allowed counsel more time to review documents that defendant recently sent and set the matter for another case management conference.

¶ 9      On September 23, 2021, Attorney Granito represented to the trial court that she had engaged in "discussions and correspondence with" defendant, researched his claims, and was in the process of preparing another motion. The court set the matter for another case management conference. On October 21, 2021, Attorney Granito represented that she had prepared an amended postconviction petition on defendant's behalf that was awaiting defendant's approval and signature. On March 10, 2022, Attorney Granito again advised the trial court that the amended postconviction petition had been prepared and transmitted to defendant, but she was still awaiting his signature.

¶ 10      On April 13, 2022, Attorney Granito filed an amended postconviction petition. The amended petition alleged ineffective assistance of plea counsel based on the facts that (1) the proportionate penalties clause was violated where defendant pled guilty to a Class X felony predatory criminal sexual assault of a child, which had the same elements as applied to the facts of this case but more severe penalties than the Class 2 felony of aggravated criminal sexual abuse; and (2) plea counsel, Attorney Bullock, nevertheless allowed defendant to enter into a negotiated plea of guilty to a charge that violated the proportionate penalties clause. Defendant attached his

own affidavit to the amended petition. In his affidavit, he averred that he pled guilty to the charge of predatory criminal sexual assault of a child on the advice of Attorney Bullock, who told him that he had to plead guilty to that charge by a certain time or he would face much higher penalties. Attorney Granito did not file a Rule 651(c) certificate.

¶ 11    On October 19, 2022, the State filed a motion to dismiss defendant's amended postconviction petition. The State argued that charging defendant with the more serious offense did not violate the proportionate penalties clause because the statutory elements for predatory criminal sexual assault of a child and aggravated criminal sexual abuse were not identical. It also contended that defendant's claim was procedurally barred because defendant entered into a fully negotiated plea agreement but did not seek to withdraw his guilty plea within 30 days.

¶ 12    Attorney Granito did not file a response to the State's motion to dismiss On December 9, 2022, the State and Attorney Granito waived oral argument, and the court took the matter under advisement.

¶ 13    On March 17, 2023, the trial court dismissed defendant's amended postconviction petition by written order. The court found that the amended petition failed to make a substantial showing of a constitutional violation. Relying on *People v. Johanson*, 2023 IL App (2d) 210690, the trial court reasoned that Attorney Bullock's performance was not deficient where the offenses of predatory criminal sexual assault of a child and aggravated criminal sexual abuse contained distinct statutory elements. Because the court found Attorney Bullock's performance was not deficient, it determined that defendant failed to demonstrate a substantial showing of a constitutional violation and granted the State's motion to dismiss. Defendant timely appealed.

¶ 14                              II. ANALYSIS

¶ 15    On appeal, defendant contends Attorney Granito failed to comply with Rule 651(c) and acted under a conflict of interest. We agree with the former argument.

¶ 16    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which prisoners may collaterally challenge their convictions and sentences for substantial violations of their federal or state constitutional rights. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005). "[P]ostconviction proceedings *** may consist of as many as three stages." *People v. Pendleton*, 223 Ill. 2d 458, 471-72 (2006). If the petition is not summarily dismissed at the first stage, the circuit court shall appoint counsel to represent the defendant if the defendant is indigent and desires counsel. 725 ILCS 5/122-2.1(b), 122-4 (West 2020).

¶ 17    The right to counsel in a postconviction proceeding is statutory, not constitutional. *People v. Pinkonsly*, 207 Ill. 2d 555, 567 (2003). A postconviction defendant is therefore only entitled to the level of assistance provided by the Act. *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act requires postconviction counsel to provide a reasonable level of assistance to defendant. *Id.* Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) outlines the steps an attorney must take to provide reasonable assistance. Specifically, Rule 651(c) requires postconviction counsel consult with defendant "to ascertain his or her contentions of deprivation of constitutional rights," examine the record of trial proceedings, and amend the petition as "necessary for an adequate presentation" of defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Compliance with Rule 651(c) may be shown "by the certificate of petitioner's attorney." *Id.* We review whether postconviction counsel substantially complied with Rule 651(c) *de novo. People v. Mason*, 2016 IL App (4th) 140517, ¶ 19.

¶ 18    Here, Attorney Granito did not file a Rule 651(c) certificate. Such failure would be harmless if the record nevertheless demonstrated that counsel substantially complied with the duties of Rule 651(c) (*People v. Lander*, 215 Ill. 2d 577, 587 (2005)), but the record here falls short of such showing.

¶ 19    The record demonstrates that Attorney Granito met the consultation requirement of Rule 651(c) as Attorney Granito kept the trial court informed of her discussions with defendant. Specifically, on September 23, 2021, postplea counsel averred that she corresponded with defendant and understood his alleged claims of error. Accordingly, the record shows that counsel consulted with defendant to ascertain his contentions of error.

¶ 20    The record fails to show, however, that counsel reviewed the relevant record. Importantly, while there was discussion that Attorney Granito reviewed defendant's claims and researched the law, at no point during the proceedings did she indicate that she reviewed the record. Moreover, we note that Attorney Granito also failed to file a Rule 604(d) certificate stating that she reviewed the record when she represented defendant during the proceedings on his motion to withdraw his guilty plea.

¶ 21    The record also shows a failure to make the necessary amendments as required by Rule 651(c). An allegation of prejudice is necessary for an ineffective assistance of counsel claim to adequately present such claim and comply with Rule 651(c). See *People v. Turner*, 187 Ill. 2d 406, 413 (1999); see also *People v. Dixon*, 2018 IL App (3d) 150630, ¶¶ 16, 20; *People v. Williams*, 2023 IL App (5th) 210322-U, ¶ 54. Despite the presentation of an ineffective assistance of plea counsel claim in the amended petition, there is no allegation of prejudice in the petition. As such, Attorney Granito did not make the necessary amendments to adequately present defendant's claim.

6

¶ 22 Accordingly, counsel failed to comply with Rule 651(c), which requires reversal regardless of whether the defendant's claims are meritless. *People v. Addison*, 2023 IL 127119, ¶ 33. On remand, the trial court should appoint new counsel, who should comply with Rule 651(c). Because we resolve this appeal based on noncompliance with Rule 651(c), we need not address defendant's conflict of interest issue.

¶ 23 III. CONCLUSION

¶ 24 For the above reasons, postplea counsel failed to comply with Rule 651(c). According, we reverse and remand so that new counsel can comply with Rule 651(c).

¶ 25 Reversed and remanded.