NOTICE
Decision filed 02/09/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 231198-U

NO. 5-23-1198

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Fayette County. |
| | ) | |
| ` v. | ) | No. 10-CF-130 |
| | ) | |
| CLIFFORD BAKER, | ) | Honorable |
| | ) | Allan F. Lolie Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Sholar and Hackett concurred in the judgment.

**ORDER**

¶ 1   *Held*: Postconviction counsel provided unreasonable assistance by failing to amend the defendant's *pro se* postconviction petition to overcome procedural bars and by failing to properly shape the ineffective assistance of counsel claims by attaching necessary supporting documentation.

¶ 2   Following a jury trial, the juvenile defendant, Clifford Baker, was convicted of two counts of murder, and three counts of home invasion. He was sentenced to two terms of life imprisonment in the Illinois Department of Corrections (IDOC). On direct appeal, the defendant's conviction was affirmed, and the sentencing decision was vacated and remanded for a new sentencing hearing in accordance with the guidelines set forth in *Miller v. Alabama*, 567 U.S. 460 (2012). See *People v. Baker*, 2015 IL App (5th) 110492. We determined that there was no indication that the sentencing court had considered the defendant's youth and attendant characteristics prior to imposing two terms of natural life in the IDOC. *Baker*, 2015 IL App (5th) 110492, ¶ 39.

1

¶ 3    On remand, the circuit court held a new sentencing hearing resulting in an aggregate sentence of 85 years in the IDOC. We affirmed the resentencing decision in *People v. Baker*, 2021 IL App (5th) 180058-U.

¶ 4    The defendant filed a timely *pro se* postconviction petition on June 29, 2022. The circuit court appointed postconviction counsel and advanced the petition to second stage proceedings. The defendant now appeals the circuit court's October 27, 2023, order dismissing his amended postconviction petition. He argues that his postconviction petition made a substantial showing of ineffective assistance of trial counsel and ineffective assistance of counsel on resentencing, or in the alternative, argues that postconviction counsel rendered unreasonable assistance. For the following reasons, we reverse and remand for second stage postconviction proceedings.

¶ 5                                I. BACKGROUND

¶ 6    The defendant was 15 years old when he committed two counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2010)) for the shooting deaths of John Michael "Mike" Mahon and Debra H. Tish; two counts of home invasion (720 ILCS 5/12-11(a)(5) (West 2010)) for entering the Mahon-Tish home without authority and causing injury; and a third count of home invasion (720 ILCS 5/12-11(a)(2) (West 2010)) for entering the home of Steve and Randy Krajefska without authority and causing injury.

¶ 7    Our prior opinion, *People v. Baker*, 2015 IL App (5th) 110492, detailed the facts and evidence from the defendant's trial. Additional background information was set forth in *People v. Baker*, 2021 IL App (5th) 180058-U. Therefore, we recite only the facts from the jury trial and resentencing hearing necessary to our disposition.

2

¶ 8                                    A. Jury Trial

¶ 9     The jury trial revealed that on July 22, 2010, two weeks prior to the charged incidents, the defendant was hospitalized after shooting himself and his dog. He was diagnosed with major depression and was transferred to a short-term psychiatric facility for treatment and was prescribed an antidepressant called Cymbalta. The defendant was released from the psychiatric facility on July 30, 2010, and instructed to take his medication daily.

¶ 10    On August 3, 2010, the defendant consumed six Cymbalta tablets, in combination with other pills, marijuana, and alcohol, including vodka that he had taken from the Mahons' residence while they were sleeping. He later returned to the Mahons' home, found a rifle, and attempted to shoot himself in the head, but the gun would not fire. The defendant then lit a cigarette and threw it into the trash can, which started a fire and caused the smoke alarm to go off. Mike and Debra awoke to the smoke alarm. The defendant, afraid that he would get into trouble for breaking into their home, shot and killed them both.

¶ 11    At approximately 3:30 a.m. on August 4, 2010, the Krajefskas found the defendant walking through their bedroom. Steve recognized the defendant, who, at that time, was barefoot and only wearing shorts, and holding a butcher knife. The defendant lunged toward Steve with the knife, missed, and then ran from the house. Law enforcement officers were dispatched to investigate the home invasion at the Krajefskas' residence. The defendant and the defendant's father were located in their garage, arguing. The defendant was holding a staple gun and was attempting to shoot his neck and chest with staples.

¶ 12    Marcia Slomowitz, M.D., a child and adolescent psychiatrist, testified at the defendant's trial that she evaluated the defendant in March of 2011. Dr. Slomowitz testified that Cymbalta carries a "black box" warning issued by the Food and Drug Administration (FDA) that there was

3

an increased risk of suicide or violent behavior in persons under 24 who take Cymbalta. She opined that, at the time of the murders, the defendant was suffering from the adverse effects of Cymbalta and lacked the capacity to understand right from wrong because of those side effects.

¶ 13    The State had presented Dr. Ashok Yanamadala, a psychiatrist, and Dr. Fred Klug, a clinical psychologist, as rebuttal witnesses. Dr. Yanamadala treated the defendant for major depressive disorder before he was discharged on July 30, 2010. Dr. Yanamadala testified that the defendant's diagnosis did not ordinarily lead to psychosis, and the defendant had not complained of any side effects of the medication while hospitalized. Dr. Yanamadala opined that the defendant appeared to understand the difference between right and wrong, and he was not insane upon discharge.

¶ 14    Dr. Klug evaluated the defendant twice after the murders and diagnosed the defendant with a conduct disorder. Dr. Klug opined that the defendant was sane at the time of the crimes charged and understood the criminality of his conduct.

¶ 15                                B. Resentencing

¶ 16    On remand, the circuit court appointed Edwin Potter to represent the defendant. Potter retired before the resentencing hearing was held. He was replaced by William Starnes. When Starnes was appointed, the circuit court informed Starnes that the defendant had "retained, or at least made arrangements, to retain a mitigation expert." The circuit court directed Starnes to speak with the expert to determine his or her availability for the resentencing hearing.

¶ 17    During the defendant's resentencing hearing, the defendant's counsel requested that the sentencing court take judicial notice of the trial testimony of Dr. Slomowitz. The circuit court took judicial notice of the entire transcript from the defendant's trial as well as the transcript of the

4

defendant's original sentencing hearing. The State did not present any evidence in aggravation but submitted two victim impact statements.

¶ 18    The defendant was the only witness at the resentencing hearing. He testified on his own behalf and presented several exhibits, in mitigation. He had received a high school diploma, although he had failed his General Educational Development test (GED). He had also completed several additional classes and received several certificates. The defendant testified that he had not received any tickets while in juvenile detention but was reprimanded in the IDOC for "intimidation and threats" which resulted in the defendant losing his job in the IDOC. He, however, had since regained his job in the IDOC.

¶ 19    The circuit court examined the statutory factors in aggravation (730 ILCS 5/5-5-3.2 (West 2018)) and found that the deterrence of others and the defendant's prior criminal activity were applicable. The circuit court also examined factors in mitigation (730 ILCS 5/5-5-3.1 (West 2018)) and found that none of the statutory factors were applicable. The additional statutory factors in mitigation (730 ILCS 5/5-4.5-105(a) (West 2018)), required when sentencing a juvenile defendant, were also considered by the circuit court.

¶ 20    After considering all of the factors applicable to juvenile defendants, the defendant was sentenced to 37.5 years for each count of first degree murder, served consecutively; 10 years for one count of home invasion, served concurrently; and 10 years for one count of home invasion, served consecutively, with day-for-day credit. In issuing this sentence, the sentencing court acknowledged that the defendant, as a juvenile offender, was receiving a *de facto* life sentence. The sentencing court found that the defendant was a "rare juvenile offender whose crime reflects an irreparable corruption and permanent incorrigibility."

¶ 21    We affirmed the sentencing court's decision on appeal and found that "[t]he defendant had every opportunity at resentencing to offer evidence showing that he could not appreciate the risks and consequences of his conduct or engage in planning. He did not do so." *Baker*, 2021 IL App (5th) 180058-U, ¶ 76. We additionally found that the record demonstrated that the sentencing court considered "all relevant evidence as well as the defendant's youth and its attendant characteristics before making an informed decision based on the totality of the circumstances." *Baker*, 2021 IL App (5th) 180058-U, ¶ 84.

¶ 22                              C. Postconviction

¶ 23    The defendant filed a *pro se* postconviction petition on June 29, 2022, asserting that he was denied his constitutional right to effective assistance of trial counsel where trial counsel labored under an actual conflict of interest because of a potential lawsuit regarding Cymbalta; trial counsel prevented the defendant from asserting an insanity defense; improperly admonished the defendant on his right to raise multiple defenses; and trial counsel failed to impeach witness testimony. The defendant also raised ineffective assistance of counsel during resentencing where counsel failed to present mitigating evidence. Specifically, counsel failed to present the expert found by Potter who would have testified that the defendant's brain had not fully developed at the time of the offenses, and that the defendant could be rehabilitated and was not permanently incorrigible.

¶ 24    The defendant attached supporting documents to his postconviction petition which included the defendant's retainer contracts with McWard Law Office in past, pending, and anticipated litigation; a transcript of a pretrial hearing held on August 11, 2011; a portion of the resentencing hearing transcript, supporting documentation regarding the defendant's impeachment claim; an affidavit from Amanda Horner, the defendant's appellate counsel for the initial appeal;

correspondence from an attorney with the Illinois Innocence Project and from the Illinois Coalition for the Fair Sentencing of Children; and an affidavit of the defendant.

¶ 25 Horner averred that she had been in contact with Edwin Potter, the defendant's assigned attorney on resentencing, prior to his retirement. Horner provided Potter with a list of expert witnesses, and she had personally spoken to at least one expert witness who may have provided favorable testimony on the prospects for rehabilitation of the defendant. Horner additionally averred that she advised Potter that the Office of the State Appellate Defender potentially had funds available to cover expert witness fees, and she had provided contact information for the Northwestern Pritzker School of Law clinic which focused on assisting in *Miller* sentencing hearings. Horner did not have contact with William Starnes, the attorney assigned to represent the defendant after Potter retired.

¶ 26 The defendant, in his affidavit, averred that he had spoken to Potter about an expert witness for the resentencing hearing. Based on their conversation, the defendant believed that an expert would testify at the resentencing hearing. Starnes, however, did not respond to calls or letters. Starnes failed to notify the defendant that an expert witness would not testify at the resentencing hearing.

¶ 27 Postconviction counsel filed an Illinois Supreme Court Rule 651(c) certificate, without filing an amended petition or attaching any new supporting evidence. She certified that she had consulted with the defendant, examined the trial court file and record of proceedings, and she determined that no further amendments to the defendant's postconviction petition filed on June 29, 2022, were necessary.

¶ 28 After the Rule 651(c) certificate was filed, the State submitted a motion to dismiss the defendant's postconviction petition. The State argued that the defendant "waived" claims of

ineffective assistance of counsel as these claims could have been raised on direct appeal; *res judicata* applied to those claims that were raised on direct appeal; the defendant failed to produce sufficient evidence to proceed on the conflict of interest claim related to a civil action against Cymbalta; and that the defendant's claims were meritless.

¶ 29    The circuit court held a second stage postconviction proceeding on August 29, 2023. The State reiterated the arguments raised in its written motion to dismiss. The State additionally argued that trial counsel did not have a conflict of interest where he represented the same party for the purpose of the Cymbalta claim, a civil claim against Cymbalta would not have affected the defendant's criminal defense, and an expert witness testified at trial on Cymbalta's side effects. Additionally, the State argued that the defendant forfeited any claim not raised on direct appeal without explanation of why any of those issues were not previously addressed on appeal.

¶ 30    Postconviction counsel argued that the appellate court had not addressed all of the issues that the defendant raised in his postconviction petition and addressed the State's forfeiture argument. She argued that "waiver" does not necessarily bar a review of an issue if there was "ineffective assistance of appellate counsel as well."

¶ 31    The circuit court then questioned whether it had missed an ineffective assistance of appellate counsel claim in the defendant's postconviction petition. Postconviction counsel acknowledged that the postconviction petition did not include a claim of ineffective assistance of appellate counsel and asked for leave to amend the postconviction petition. The circuit court then addressed that postconviction counsel had filed a Rule 651(c) certificate asserting that no further amendments were necessary. In response, postconviction counsel stated, "when I initially reviewed everything, I thought it also included appellate counsel and claims regarding appellate counsel, and I missed that it did not include those claims."

8

¶ 32   The State, in rebuttal, addressed the merits of the defendant's claim that an expert was available to testify at resentencing and counsel failed to elicit testimony from that expert witness. The State argued that the defendant's supporting documents did not provide enough information to make a substantial showing that an expert witness would have changed the outcome of the resentencing hearing. The circuit court considered that an expert evaluation should have been completed prior to the filing of the postconviction petition, and the petition should have included an attachment of what the expert witness would have testified to at resentencing. The circuit court then took the matter under advisement without allowing further amendments by postconviction counsel.

¶ 33   On October 27, 2023, the circuit court issued a written order granting the State's motion to dismiss. The circuit court found that the defendant's ineffective assistance of trial counsel claim regarding the failure to instruct the jury on the insanity defense was barred by *res judicata*. The remainder of the ineffective assistance claims relating to trial counsel were "waived" by the defendant. The circuit court also found that the defendant had "waived" the remaining issue of whether resentencing counsel was ineffective for failing to call an expert witness that would have testified regarding the defendant's rehabilitative potential. The defendant had the information and opportunity to raise this issue on direct appeal but did not. The circuit court additionally found that the mere allegation that an expert may have been helpful was insufficient. This appeal followed the circuit court's dismissal of the *pro se* postconviction petition.

¶ 34                              II. ANALYSIS

¶ 35   On appeal, the defendant argues that the circuit court erred in dismissing his postconviction petition at the second stage where he made a substantial showing that defense counsel was ineffective for failing to present an available expert witness at the defendant's resentencing

9

hearing, and that defense counsel's pecuniary interest in a civil lawsuit created a conflict of interest. In the alternative, the defendant argues that his postconviction counsel rendered unreasonable assistance.

¶ 36   The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) allows a defendant to collaterally attack a final judgment and is not a substitute for an appeal. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act provides a three-step process where a convicted defendant may assert a substantial denial of his or her constitutional rights which occurred in their original trial or sentencing hearing. *People v. Towns*, 182 Ill. 2d 491, 502 (1998). During the first stage of postconviction proceedings, the defendant has a "low threshold" and only needs to provide sufficient facts to present the gist of a constitutional claim. *People v. Brown*, 236 Ill. 2d 175, 184 (2010). During the second stage, the legal sufficiency of the postconviction petition is tested. *People v. Domagala*, 2013 IL 113688, ¶ 35. The State may file an answer or move to dismiss at this stage. 725 ILCS 5/122-5 (West 2022). The postconviction petition is dismissed if the defendant fails to make a substantial showing of a constitutional violation through the petition and attached documentation. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2022) When the petition sets forth a substantial showing of a constitutional violation, the petition advances to the third stage where the circuit court conducts an evidentiary hearing. *People v. House*, 2021 IL 125124, ¶ 17. A postconviction petition dismissal without an evidentiary hearing is reviewed *de novo*. *People v. Sanders*, 2016 IL 118123, ¶ 31. "Additionally, when the issue concerns the proper interpretation of a supreme court rule, our review is *de novo*." *People v. Addison*, 2023 IL 127119, ¶ 17.

¶ 37    The Act requires that the postconviction petition shall "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2022). "Issues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited." *People v. English*, 2013 IL 112890, ¶ 22. A defendant can avoid the procedural bar of forfeiture by raising claims of ineffective assistance of appellate counsel. *Addison*, 2023 IL 127119, ¶ 23. The Act additionally requires that "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2022). The failure to attach or explain the absence of necessary supporting material is "fatal" to a postconviction petition and by itself justifies the petition's dismissal. *People v. Collins*, 202 Ill. 2d 59, 66 (2002).

¶ 38    A criminal defendant has a constitutional right to effective assistance of trial counsel at all critical stages of the criminal proceedings as guaranteed by the sixth amendment. *People v. Brown*, 2017 IL 121681, ¶ 25. Claims of ineffective assistance of counsel are governed by the familiar two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to establish a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance resulted in prejudice. *People v. Hughes*, 2012 IL 112817, ¶ 44.

¶ 39    In postconviction proceedings, the defendant has a statutory right to counsel. 725 ILCS 5/122-4 (West 2022); *People v. Turner*, 187 Ill. 2d 406, 410 (1999). The Act requires postconviction counsel to provide a "reasonable level of assistance." *Turner*, 187 Ill. 2d at 410. Illinois Supreme Court Rule 651(c) imposes specific duties onto postconviction counsel to ensure that a reasonable level of assistance has been provided. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Rule 651(c) provides that,

11

"The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 40    Filing a 651(c) certificate creates a rebuttable presumption of reasonable assistance. *People v. Addison*, 2023 IL 127119, ¶ 21. "The defendant bears the burden of overcoming that presumption by showing that postconviction counsel did not substantially comply with the strictures of the rule." *Addison*, 2023 IL 127119, ¶ 21. The defendant may overcome this presumption by demonstrating that postconviction counsel did not make all the necessary amendments to a *pro se* petition, including those amendments necessary to overcome any procedural bars. *Addison*, 2023 IL 127119, ¶ 21. If postconviction counsel fails to meet their duties under Rule 651(c), a remand is necessary, regardless of the petition's merit. *Addison*, 2023 IL 127119, ¶ 42. As such, we first consider whether postconviction counsel provided reasonable assistance before addressing whether the defendant made a substantial showing of a constitutional violation.

¶ 41    Postconviction counsel filed a 651(c) certificate without filing an amended postconviction petition or attaching additional supporting documentation. During the second stage hearing addressing the State's motion to dismiss, postconviction counsel argued that "waiver"[1] does not apply to ineffective assistance of appellate counsel claims. Postconviction counsel, however, acknowledged, "I missed that it did not include those claims" of ineffective assistance of appellate counsel.

_____

[1]We note that on appeal the defendant addresses the procedural bar of forfeiture, not waiver. "Forfeiture may be inadvertent—a failure to make a timely assertion of a right," while "waiver" is "an intentional relinquishment of a right." *People v. Ratliff*, 2024 IL 129356, ¶ 26.

¶ 42    The *pro se* postconviction petition additionally asserted that Potter had found an expert who would have testified to the defendant's brain development at the time of the offense and that the defendant could be rehabilitated. However, the *pro se* postconviction petition did not include any supporting documentation demonstrating that an expert had been retained or what the expert's opinion would have been had the expert testified during the resentencing hearing. Postconviction counsel did not amend the petition to include any additional supporting material to shape the defendant's ineffective assistance of counsel claim for failing to present expert witness testimony at resentencing. Although it appears that the circuit court informed Starnes that the defendant's prior counsel, prior to his retirement, had retained an expert witness, the record does not demonstrate any information on the opinions held by the potential witness. Postconviction counsel failed to present sufficient information to allow this court to determine whether counsel's decision not to present an expert witness during resentencing was prejudicial to the defendant and amounted to ineffective assistance.

¶ 43    The circuit court highlighted that postconviction counsel submitted a certificate pursuant to Rule 651(c) that included an allegation that no further amendments to the *pro se* postconviction petition were necessary. Consequently, the circuit court did not grant leave for postconviction counsel to amend the petition. We find that the defendant has overcome the presumption that postconviction counsel provided reasonable assistance. Postconviction counsel provided unreasonable assistance by failing to amend the *pro se* petition to shape the defendant's claims and overcome the procedural bar of forfeiture before filing the Rule 651(c) certification.

¶ 44    The defendant must be given an opportunity to amend his postconviction petition with the benefit of reasonable assistance of counsel. See *Turner*, 187 Ill. 2d at 417. We express no opinion on the merits of the claims in petitioner's postconviction petition and remand for further second

13

stage proceedings. On remand, we instruct the circuit court to evaluate the claims in the defendant's postconviction petition after postconviction counsel has had the opportunity to make necessary amendments to the defendant's *pro se* petition.

¶ 45                                    III. CONCLUSION

¶ 46     For the forgoing reasons, we reverse the judgment of the circuit court of Fayette County dismissing the defendant's postconviction petition and remand with directions that the defendant has the opportunity to replead his postconviction counsel with the assistance of counsel.

¶ 47     Reversed and remanded with directions.